GRAFTON.

## HALL *v.* BROWN *& a.*

The court may take judicial notice of a railroad charter, published by the state among the public and private acts and resolutions of the legislature, as required by *s.* 2 of *c.* 4 of the Gen. St., and distributed by the state to the state officers, including each justice of the court and each clerk of the court, "for the use of the court," as required by *s.* 7.

When there is a question whether a particular act was done, the existence of any course of office or business according to which it naturally or probably would have been done is a relevant fact.

On the question whether a highway railroad crossing was obstructed at a
certain time by the defendants' cars, the manner in which their cars were
usually managed at the same place may be competent evidence.

As tending to show whether a letter written by an agent was intended to
contain an admission of a fact or an offer of compromise, it is competent
to show what instructions were given by the principal to the agent con-
cerning the writing of the letter.

The question of fact, whether a letter is an admission or an offer to compro-
mise, may be submitted to the jury.

CASE, for negligence, whereby the plaintiff's horse was killed. Ver-
dict for the defendants. The case is reported in 54 N. H. 496. The
defendants, by permission of the White Mountains Railroad corpora-
tion, were accustomed to run their cars and engines over a part of the
track of the corporation, including a highway crossing. The plaintiff
claimed that the crossing was obstructed by the defendants' cars,
which (the evidence tended to show) were unloaded at the time. As
tending to support their denial of this position, the defendants were
permitted to introduce evidence of their custom to have a certain num-
ber of cars of a certain length for a train, and to bring them togeth-
er after being unloaded, so that they would not extend to or across
the crossing,—the witness having no personal knowledge of the man-
ner in which the cars were managed at the time in question.

Subject to the defendants' exception, the plaintiff was permitted to
put in evidence the following letter, written by the defendants' clerk,
in reply to a letter received by them from the plaintiff's counsel :

" DEAR SIR : Enclosed find $20, which please tender Mr. F. S. Hall
as fine upon us for blockading the highway for more than three min-
utes the time his horse took fright, run away, and was killed. We
have consulted good counsel, and they tell us this is all we are holden
for. Also, enclosed find $1 for the letter which you wrote the select-
men of this town in regard to this matter. Yours resp.
                          "A. L. & W. G. BROWN & Co."

The evidence tended to show that the defendants talked the matter
over, and directed their clerk to write this letter ; and, subject to ex-
ception, one of the defendants was permitted to testify as to the par-
ticular instructions given the clerk at the time he was directed to
write the letter, as bearing on the question whether the letter was an
offer to settle, or an admission of a distinct fact. Neither of the de-
fendants saw or read the letter, which was sent, with the money, by
the clerk.

The court instructed the jury, that if, on the evidence, in connection
with the letter itself, they found it contained an admission of any dis-
tinct fact made by the defendants, they should consider it ; but if,
from the evidence in connection with the letter itself, they found it
was an offer to settle and compromise the plaintiff's claim merely,

without admitting any distinct or independent fact material to the case, it was not evidence, and should not be considered by them.

The plaintiff moved to set aside the verdict for error in the foregoing rulings and instructions, and because there was no evidence of the legal existence of the White Mountains Railroad, or of their authority, derived from any grant of the legislature, to maintain and operate their railroad across the highway.

*Carpenter* and *H. Bingham & Mitchell*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendants.

FOSTER, J.   This is not a proceeding to recover a penalty for an obstruction of the highway, under the provisions of Gen. St., c. 148, s. 7.   The plaintiff, therefore, can maintain his cause only by showing actual fault or negligence of the defendants, such as would be sufficient to maintain the action at common law.   *Hall* v. *Brown*, 54 N. H. 495. It makes no difference whether the defendants' cars were standing upon a legally constituted railroad track, or upon the ground ; nor, indeed, whether the obstruction was a train of cars, or an ox team, or a pile of lumber, or any other thing unlawfully and negligently placed there. But it is objected, that the instructions to the jury import an erroneous assumption by the court, and warranted the jury in finding, without proof of the fact, that the defendants had the right to be upon the track ; whereas, it is contended, in the absence of proof of a chartered right, that the White Mountains Railroad could not lawfully give the defendants permission to run cars upon the track, and so, presumably, their presence at the crossing was a nuisance.

Highways may be used for many purposes other than public travel thereon, provided such use is not inconsistent with the reasonably free passage of the public ; and the defendants' use and occupation of the highway by the location of an iron track across it, and the passage of cars thereon, would not, in and of itself, as matter of law, constitute a nuisance.   The extent and character of the alleged obstruction was a question of fact, and we find no error in the instructions upon this point.    *Graves* v. *Shattuck*, 35 N. H. 257 ;   *Chamberlain* v. *Enfield*, 43 N. H. 356 ;   *Darling* v. *Westmoreland*, 52 N. H. 401.

No evidence of any fact of which the court take judicial notice, need be given to the jury by the party alleging its existence ; but the judge, upon being called upon to take notice thereof, may, if he be unacquainted with such fact, refer to a printed statute, historical work, or other proper source of information, or may refuse to take judicial notice thereof, unless and until the party calling upon him to take such notice produces satisfactory proof.    Step. Dig. of Evid. (May's Am. ed.), *art.* 59, and note 1.

" Courts," says Prof. Greenleaf, " will generally take notice of whatever ought to be generally known within their jurisdiction."    1 Greenl. Ev., *ss.* 4–6.   A distinction, formerly prevailing in England,

between public and private acts, in this respect' no longer exists. Step. Dig. of Evid. 58. If a railroad charter in this state (all railroad corporations being declared public — Gen. St., *c.* 146, *s.* 1) can properly be denominated a private act, the annual distribution required by law (Gen. St., *c.* 4, *s.* 7), to each of the judges and to each clerk of the supreme court, " for the use of the court," of all laws, private as well as public, with equal evidence of authenticity and authority, seems to signify the legislative intention that the courts may take equal notice of both. Moreover, the charter, whether it be a public or a private act, is law ; and proof of the law is for the court, and not for the jury, and may be received after verdict, without disturbing the verdict. *Whittier* v. *Varney,* 10 N. H. 291, 304.

The testimony concerning the manner in which the defendants' cars were usually operated at the crossing was properly admitted. There being evidence that the train, at the time in question, was unloaded, the jury might find it was unloaded ; and if they so found, the custom of compacting and shortening unloaded trains, so that they did not extend across the highway, tends to show that the unloaded train complained of was compacted and shortened so that it did not extend across the highway.

The question concerning the alleged obstruction was directly in issue. Evidence of the existence or non-existence of any fact relevant to a fact in issue may properly be received—Step. Dig. of Evid. (ed. of 1877) *art.* 2 ; and ordinarily, and unless the case falls within some recognized class of exceptions, a fact, whether in issue or not, is relevant to another fact, when the one fact shows that the other must or cannot have occurred, or probably did not or could not have occurred. Step. Dig. (ed. of 1876), *art.* 9. Any matter of fact, the effect, tendency, or design of which is to produce in the mind a persuasion, affirmative or disaffirmative, of the existence of some other matter of fact, is relevant as an " evidentiary fact " tending to establish the " principal fact." Best on the Principles of Evidence 10, 25, 400. Such evidence may be rejected in the exercise of judicial discretion, as being too remote or too conjectural *(Darling* v. *Westmoreland,* 52 N. H. 408 ; *Bundy* v. *Hyde,* 50 N. H. 116, 120), but that circumstance does not affect the application of the rule.

When there is a question whether a particular act was done, the existence of any course of office or business, according to which it naturally would have been done, is a relevant fact. Step. Dig. (ed. of 1877), *art.* 13.

The recognition and application of these principles are not modern innovations. In 1754, it was judicially declared that the post-mark, properly proved, upon a letter, is evidence on the question whether the letter was sent on a certain day. A post-office clerk testified that the post-mark was a mark of the general post-office in London. Nobody testified from memory the time when the mark was made upon the letter, and the mark was imperfect. It was probably Jan. or May 19 or 29. No one doubted that the date of the mark made in

the usual course of the post-office business was evidence upon the question when the letter passed through the post-office. There was nothing but usage to show that the letter was stamped in the post-office, or to show that it was in the post-office on the day of the date of the stamp. *King* v. *Canning*, 19 St. Tr. 283, 370, 643. This was one hundred and twenty-two years ago. But in modern time (1845) the same doctrine was recognized in *Skilbeck* v. *Garbett*, 7 Ad. & E. (N. S.) 846, where, to prove the sending of a letter by mail from the plaintiffs (who were attorneys) to the defendant (one of their clients),. a clerk of the plaintiffs testified that in the general course of business at the plaintiffs' office, letters to such clients as the defendant were made up by the witness; that the public postman invariably called every day for all letters, which were placed in a box for him in the room where the witness sat, and were taken from that box by the postman; and that the letter in question was made up in the usual course. And this was held competent evidence of sending the letter to the defendant. There was no other evidence that the letter was sent to the defendant by mail. There was nothing but usage to show that the letter ever left the plaintiffs' office, or that it ever reached the post-office; but the Queen's Bench held that usage was enough.

So, also, in *Warren* v. *Warren*, 1 C. M. & R. 250, it is held,—"If a letter is sent by the post, it is *prima facie* proof, until the contrary be proved, that the party to whom it is addressed received it in due course."

So, in this country, the fact that a letter was put into the post-office raises a natural presumption, founded in common experience, that it reached its destination by the regular operations of the mail—*Callan* v. *Gaylord*, 3 Watts 321; and in *Dana* v. *Kemble*, 19 Pick. 114, it was held, that the usage at a hotel to deposit letters, directed to its guests, in an urn kept for that purpose, and from which they were regularly carried to the guests' rooms, was evidence that a guest had received a letter addressed to him, and left at the bar of the hotel. See *Allen* v. *Blunt*, 2 Woodb. & M. 121.

The principle of the rule is founded upon the presumption (of law or fact) of the continuance of a state of things once shown to exist,— for example, a condition of mental sanity, by some courts regarded as a presumption of law, and even changing the burden of proof. The continuance of a usage, custom, or habit is analogous to the common law rule of evidence concerning the presumption of the continuance of a condition or state of things; and the question, how far the existence or non-existence of a particular fact is made to depend upon what is usual or habitual in similar conditions, is a question of the weight rather than the relevancy of evidence.

In *State* v. *The M. & L. Railroad*, 52 N. H. 528, 549, it was held competent to show that the engineer and fireman of a train of cars, by which an accident at a highway-crossing occurred, had sometimes passed the same crossing the preceding year without sounding the whistle or ringing the bell, as tending to show that the same men

would be more likely to have neglected the performance of their duties upon the particular occasion in question. The discussion was not maintained upon the ground of any peculiar circumstances of the case, but upon the broad principle, that "where a person is charged with negligently doing or omitting an act, and the evidence is conflicting, it may be competent to show that he had performed or omitted the same act in the same way before, as tending to show that he did or omitted the act at the time in question;" and it is said by the court (SARGENT, C. J.)—"It would seem to be axiomatic, that a man is more likely to do or not to do a thing, or to do it or not to do it in a particular way, as he is in the habit of doing or not doing it." And see *Ashe* v. *Derosset,* 8 Jones (N. C.) 240; *Fuller* v. *Naugatuck R. R. Co.,* 21 Conn. 557; *Hine* v. *Pomeroy,* 39 Vt. 211; *Kinne* v. *Ford,* 52 Barb. 194; *Robinson* v. *Fitchburg Railroad,* 7 Gray 95; *State* v. *Knapp,* 45 N. H. 148, 156; *State* v. *LaPage,* 57 N. H. 245, 295; *Lothrop* v. *Greenfield Ins. Co.,* 2 Allen 82; *Grand Trunk Railway* v. *Richardson,* 91 U. S. 454, 470.

It was competent to submit to the jury the question, whether the letter written by the defendants' clerk to the plaintiff's counsel was an offer of compromise, or an admission of a material fact—*Bartlett* v. *Hoyt,* 33 N. H. 165, *Field* v. *Tenney,* 47 N. H. 513, 521, 522; and we can see no error in the instructions upon this point. The evidence concerning the instructions given the writer of the letter by the defendants was admissible, as tending to show the intention which governed their action in writing the letter, and whether it was intended as an admission, or as an offer to compromise. *Graves* v. *Graves,* 45 N. H. 323; *Hale* v. *Taylor,* 45 N. H. 405; 1 Greenl. Ev., *s.* 277. A principal is not bound by the unauthorized admissions of his agent, if others have not been misled thereby.

*Judgment on the verdict.*

STANLEY and BINGHAM, JJ., did not sit.