## MERCER & a. v. PIKE.

When an estate has been practically although irregularly settled, further administration will not be granted when not requested by one having some interest in the estate.

APPEAL, from the decree of the probate court appointing the defendant administrator *de bonis non*, with the will annexed, of Walter Mercer, deceased. The testator died in 1864, appointing Israel Hall his executor, and John Mercer residuary legatee. Hall renounced the trust, and John Mercer was appointed administrator with the will annexed, giving bond to pay funeral charges, debts, and legacies. (Gen. St., *c.* 176, *s.* 13.) John Mercer died in 1875, and Julia A. Mercer, his widow, was appointed his administratrix. The defendant was

appointed administrator of the estate of Walter Mercer, with the will annexed, June 21, 1876, upon the petition of Melinda Mercer, the widow, and three other legatees. The legacies to the three latter had been previously paid, and they had no interest of any kind in the estate. The defendant is not a legatee or creditor, or otherwise interested in the estate. John Mercer performed the condition of his bond, paying the funeral charges, debts, and all the legacies except one of $50 to Elizabeth Mercer, who died before the testator, leaving children, who have never called for payment. John Mercer in his lifetime was, and his administratrix since has been, ready at all times to pay the same. He entered into an agreement with Melinda Mercer, which was in lieu of certain provision made for her by the will, which he carried out in his lifetime, and which his administratrix has continued to carry out since his decease. Other provisions of the will for her benefit, not included in the agreement, have been performed. Melinda Mercer, who petitioned for the appointment of the defendant, is the same person who, with Julia A. Mercer, brings this appeal.

*Colby & Batchelder*, for the appellants.

*F. A. Faulkner*, for the appellee.

Smith, J. Three of the petitioners for the appointment of the defendant, having been paid their legacies in full by John Mercer in his lifetime, have no further interest in the estate, and no claim to be heard upon the question of further administration. The other petitioner is the widow of the testator, and she by her appeal opposes the appointment of Mr. Pike, who is neither creditor nor legatee, and has no interests to be protected.

It thus appears that no person interested in the estate desires further administration; on the contrary, the widow and the administratrix of the residuary legatee, who alone have any interest in the estate (except the heirs of Elizabeth Mercer), oppose the appointment of the defendant, for the reason that the estate has in fact been fully administered.

If John Mercer was entitled to file the bond provided by Gen. St., *c.* 176, *s.* 13, all the estate of the testator vested in him absolutely— *Tarbell* v. *Whiting*, 5 N. H. 63; *Emery* v. *Judge of Probate*, 7 N. H. 142; and the only security for the payment of debts and legacies is the bond required by statute. *Batchelder* v. *Russell*, 10 N. H. 39. This raises a question not hitherto settled in this state. So far as our cases are in point, they are against the right of the residuary legatee, who is not named as executor in the will, to give such bond upon being appointed administrator with the will annexed. In *Tappan* v. *Tappan*, 24 N. H. 400, it was held that a residuary legacy to one of two executors, who both act, does not authorize such legatee nor both executors to give such bond. In *Heydock* v. *Duncan*, 43 N. H. 95, it was held, that of three persons named as executors, one only of

whom was made residuary legatee, the latter only was authorized to administer, upon giving bond to pay debts and legacies.

If John Mercer was not authorized to file a bond to pay debts and legacies, we are not inclined to grant this petition, for the reason that the estate has been practically settled by the parties in interest, and ought not to be disturbed, unless the necessity for it is imperative. *Kittredge* v. *Betton*, 14 N. H. 401. The testator has been dead thirteen years, and the residuary legatee nearly three. The personal estate has to a great extent undoubtedly been consumed, or so changed that it can no longer be traced or identified. Payment of the legacy to Elizabeth Mercer, though never demanded, has always been ready. The amount is not large, and if the administratrix of John Mercer shall refuse to pay the legacy when the heirs of the legatee present themselves to receive it, further administration can then be granted. The only other person who has any possible interest is the widow, to whose complete satisfaction the arrangements entered into with her by John Mercer have been carried out.

Upon the facts as they now appear, the decree of the probate court must be reversed, and the

*Petition dismissed.*

ALLEN, J., did not sit.