RULAND v. SOUTH NEWMARKET.

A way dedicated by the land-owner to public travel, and used as a highway twenty years without interruption, becomes a highway by prescription.

Whether a traveller, seeking to recover for injuries from a defective highway, was guilty of contributory negligence, is a question of fact for the jury.

CASE, for injuries on a highway alleged to be unsuitable because insufficiently railed. The evidence tended to show that on August 28, 1877, the plaintiff was travelling with a safe horse and carriage

from Greenland to Epping; that near the village of South New-market the highway crosses the B. & M. R. R.; that ten or twelve rods east of the crossing the highway apparently divides, one passing to the left crossing the track at grade, the other passing up an embankment and across the track on a bridge; that about 1847 the railroad corporation made the embankment and bridge, and opened the way over them to the public for travel thereon; that it had been travelled by the public ever since without interruption, having been repaired by the railroad corporation, but not by the town; that it was never accepted by the town otherwise than by allowing it to remain an open wrought way for public travel without interruption; and that the embankment at the place of the accident is sixteen feet high, on a slope of 45°, with a railing three or four feet high, on ground lower than the travelled part. The plaintiff's evidence tended to show that he took the embankment way, and while upon it his horse was startled by the noise or sight of a passing train; that he stopped to jump out to take him by the head; that before he had time to get out, the engine came out on the opposite side of the bridge, sending up a volume of dense black smoke and cinders, enveloping him and his horse, which became frightened, swayed, hit the railing, broke it, and went down the embankment taking the carriage and the plaintiff, and his wife with him, whereby the plaintiff was injured; that the railing was decayed and insufficient; and that soft coal was thrown on the fire as the engine passed under the bridge, which caused the dense smoke as it came out on the other side.

The defendants' evidence tended to show that the railroad track from the depot sixty-five rods south of the bridge to the bridge was on an up grade, that the engine made a great puffing from the exhaust, that the bell was rung, that soft coal was put on the fire soon after leaving the depot, and that the plaintiff continued to drive along in full view of it to the place of the accident before it reached the bridge.

The defendants requested the court to instruct the jury that there was no evidence that would authorize the jury to find that the road up the embankment and over the bridge was a highway at the time of the injury; also that it was not shown to be a highway which the town was bound by law to keep in repair; that if the plaintiff saw the train approaching the bridge from the depot, heard the engine bell ring, heard the puffing of the exhaust, and saw the column of black smoke from the smoke-stack, it was his duty to stop before arriving so near to the bridge as he says he was when his horse became frightened, and it was want of ordinary care for him not to stop.

The court declined to give the instructions requested, except so far as the requests were included in the instructions given, which were as follows: That if the embankment way was made by the railroad, and dedicated to the public for public travel, and the way

had been used by the public as a highway for public travel thereon for more than twenty years before the accident, without interruption, it was a highway that the defendants were bound to keep in repair. Also, that it was a question of fact for the jury, on all the evidence in the case, whether the plaintiff was in the exercise of ordinary care and prudence at the time the accident happened.

Verdict for the plaintiff. The defendants excepted to the refusal to give the instructions requested.

*Marston & Eastman*, for the defendants.

*Frink* and *Page*, for the plaintiff.

SMITH, J. The question is whether the instructions requested were correct. There was evidence from which the jury might find that the embankment way was dedicated to the public travel and was used as a highway for twenty years without interruption. A way so dedicated and used becomes a highway by prescription, and evidence of such dedication and user is conclusive not only against the land-owner, but also against the town sought to be charged with the duty of keeping the highway in repair. *Stevens* v. *Nashua*, 46 N. H. 192; *Burnham* v. *McQuesten*, 48 N. H. 446; *State* v. *Morse*, 50 N. H. 9, 15; *Walker* v. *Manchester*, 58 N. H. 438. The statute is, that a highway used as such for public travel over it, other than travel to and from a toll-bridge or ferry, for twenty years, is a legal highway. Gen. St., c. 68, s. 8; G. L., c. 74, s. 8.

Whether it was want of ordinary care for the plaintiff not to stop before attempting to cross the bridge,—whether in fact he was guilty of negligence which contributed to his injury,—was for the jury—*Daniels* v. *Lebanon*, 58 N. H. 285; *Stark* v. *Lancaster*, 57 N. H. 88, and authorities cited; and the instructions given were proper and sufficient. Those requested left nothing for the jury to find upon that point, but called upon the court to rule as matter of law what was a question of fact for the jury.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.