## LEWIS *v.* EASTERN RAILROAD.

On the question whether a locomotive engine emitting steam and standing near a highway crossing is an object dangerous to the public travel, as likely to frighten horses of ordinary gentleness, evidence of other horses than the plaintiff's being frightened by locomotives and cars passing near the same crossing is not admissible.

Whether or not it is the duty of a railroad to warn travellers of the danger of passing a crossing when a locomotive emitting steam is standing near, is a question of fact for the jury.

CASE, for injuries from the plaintiff's horse becoming frightened by the escape of steam from the defendants' locomotive standing on the railroad track near a highway crossing in Portsmouth. Subject to exception, the plaintiff introduced evidence that horses of other persons had been frightened by locomotives and cars passing near the place of the injury. The court instructed the jury, that if there was no fault in the management of the engine on the occasion of the injury, but it was dangerous for the plaintiff to pass, at the time, in consequence of the proximity of the engine to the crossing, then it was the duty of the defendants to have warned the plaintiff of the danger. The defendants excepted. Verdict for the plaintiff.

*A. R. Hatch* and *J. Hatch,* for the defendants.

There was no evidence that the fright of other horses on other occasions than the one in question was occasioned by any fault or negligence of the defendants, or by objects the same, or similar to, and similarly situated and managed, as that which caused the fright of the plaintiff's horse. Accidents for which the defendants were in no way responsible, and in regard to which they were in no fault, could not be admitted to charge them with negligence.

The law imposed no duty upon the defendants of warning the traveller of the existence of an object which, though managed with proper care, might frighten her horse. *Norton* v. *E. Railroad Co.,* 113 Mass. 367; *Favor* v. *B. & L. Railroad,* 114 Mass. 350. Negligence is a breach of duty which the law imposes, and no care was required by the defendants beyond that which the instruction admits they used. *Rowell* v. *Railroad,* 57 N. H. 132; *Hall* v. *Brown,* 54 N. H. 495; *Coy* v. *Utica Railroad,* 23 Barb. 643; *Phila. & Balt. Railroad* v. *Stinger,* 78 Penn. St. 219; Sh. &. R. Neg. 5, *s.* 4.

The action is for negligence in the management of a locomotive steam engine, and in permitting it to blow off steam near the crossing; and the defendants were not bound to meet the charge of not warning the plaintiff that the locomotive was there.

*Marston & Eastman*, for the plaintiff, on the competency of the evidence, cited *Darling* v. *Westmoreland*, 52 N. H. 401; *Gordon* v. *B. & M. Railroad*, 58 N. H. 396; and, on the correctness of the instruction, *Hart* v. *C., R. I. & P. R. Co.*, 56 Iowa 166; and cases cited; *Johnson* v. *Hudson River R.*, 5 Duer 21; Sh. & R. Neg., *s.* 477.

ALLEN, J.   The evidence excepted to was, that horses of third persons had been frightened by the defendants' locomotives and cars at the place of the accident, without other evidence of the defendants' negligence at the time.   The particular negligence alleged and relied on by the plaintiff, in this case, was the defendants' permitting steam to suddenly escape from a locomotive standing near the crossing, whereby the plaintiff's horse was frightened and an injury resulted.

Evidence that other horses, driven by other persons at other times, had been frightened by the same or a similar object, or by a sound produced in the same or a similar manner, was admissible to show that the object or sound was dangerous to the public travel, as being more likely than otherwise to produce the result complained of.   *Darling* v. *Westmoreland*, 52 N. H. 401; *Gordon* v. *B. & M. Railroad*, 58 N. H. 396.   The case does not show that the evidence excepted to was that of other horses being frightened by the escape of steam from a locomotive, but by locomotives and cars passing upon the railroad near the place of the injury.

In *Darling* v. *Westmoreland*, the plaintiff was permitted to show that other horses were frightened at the same pile of lumber which produced the particular fright occasioning the injury.   In *Gordon* v. *The Railroad*, evidence that other horses were frightened by the same or a like use of a locomotive as that which caused the injury, was admitted; and in *Rowell* v. *The Railroad*, *supra*, evidence that locomotives scattered sparks and coals was decided to be competent and relevant on the question whether the particular fire was set by sparks or coals from a locomotive.   In *State* v. *M. & L. Railroad*, 52 N. H. 528, neglect of the engineer to give the warning whistle on approaching a highway crossing, was made evidence on the question of the particular negligence, at a different time, alleged as the cause of the injury; and in *Hall* v. *Brown*, 58 N. H. 93, the usage of railroad agents and servants in managing cars standing on or near a crossing was admitted to show the probable management of the same cars at the same place at the time in question.

The evidence excepted to was not evidence of other horses' being frightened at the sound of escaping steam, nor at the sight of the vapor produced by it.   Evidence of fright produced in horses by the sight or sound, or sight and sound, of a locomotive and cars passing on a railroad, could not be evidence on the question of whether or not the plaintiff's horse at another time was frightened at the sound of steam escaping from a locomotive stationary on the

track. Nor could the defendants' negligence in managing a locomotive and cars moving on the railroad, at or near a crossing, be evidence of negligence or mismanagement in respect to steam escaping from a locomotive not moving. The facts shown by the excepted evidence were too unlike those alleged in the declaration to be evidence of negligence in the particular case.

The instruction to the jury. that it was the duty of the defendants to have warned the plaintiff of the danger, if it was dangerous to pass at the time by reason of the proximity of the locomotive to the crossing, although the engineer was in no fault in the management of his locomotive, was, in effect, an instruction that if a locomotive there blowing off steam was dangerous to the travel, it was, as matter of law, negligence on the part of the defendants not to have warned the plaintiff of her danger. It was the duty of the defendants to use ordinary care in the management of their locomotives and cars at or near the crossing, whether moving or stationary; and for any injury to the plaintiff resulting from such want of care, they were liable. Whether it was dangerous to the public travel for the locomotive standing where it did to make sudden emissions of steam, and if dangerous, whether there was want of reasonable care in the defendants' failing to seasonably warn the plaintiff of the danger, were questions of fact to be determined by the jury upon all the evidence. If the noise of the escaping steam was frightful to horses of ordinary gentleness, it was the duty of the defendants to use reasonable care to prevent injury; and if the exercise of reasonable care, under the circumstances, required warning in some manner to the plaintiff, then it was the duty of the defendants to give the warning. Whether a failure to give the warning was want of reasonable care, was a question for the jury to decide; and the instruction that the duty existed if the locomotive standing there was dangerous, was error. *Hill* v. *P. & R. Railroad,* 55 Me. 438; *Norton* v. *Eastern Railroad,* 113 Mass. 366; *Penn. Railroad* v. *Barnett,* 59 Penn. St. 259. The verdict is set aside, and

*A new trial granted.*

CLARK, J., did not sit: the others concurred.