NUTTER *v.* THE BOSTON & MAINE RAILROAD.

In an action against a railroad corporation for injuries received by being negligently run upon by the defendants' cars at a street crossing, the fact that the defendants were running their train at an unlawful rate of speed is competent evidence on the question of the plaintiff's care.

Evidence of the running time of the defendants' trains over the whole road, and over any given part of it, is relevant on the question of the rate of speed at any given point on the road.

The question of the admissibility of evidence of the rate of speed of the defendants' trains, at other times and places than the time and place in question, as tending to show the rate of speed there, is one of fact, depending upon remoteness of time and place, and is to be determined by the court at the trial.

The estimate of the velocity of a train by witnesses living near the railroad, and habitually observing the passage of trains, is competent evidence upon the subject.

CASE, for injuries from the negligent management of the defendants' cars at a street crossing. There was evidence that on the afternoon of the accident the plaintiff, in Dover, walked from one street to another parallel street upon the defendants' railroad, which crossed both streets at grade. He walked by a path between the two tracks of the railroad, and when he reached the second street and turned to cross one of the tracks within the limits of the street, he was struck by the defendants' train of cars and injured. From the point where he was struck to the railroad station from which the train had just before started, a distance of about five hundred feet, there was an unobstructed view. He heard the noise of a train before he was struck, and knew it was time for the train to pass. A companion spoke of the train, but the plaintiff understood it was coming on the other track, and did not stop or turn to see where the train was coming. The train was running at the rate of twelve to fifteen miles an hour; the bell upon the locomotive was not rung, nor was the whistle sounded, and the engineer was looking back towards the station before and at the time of the collision. There was no flagman at the crossing, nor signal of any kind. The rate of speed of the train was in controversy; and the plaintiff, subject to exception, was permitted to show the distance from Dover to Alton Bay, whither the train was bound, the distance between intermediate points, the running time, and the number of stations at which stops were made. Witnesses living near to and in sight of the crossing were also permitted to give their estimate of the rate of speed at which the defendants were accustomed to run the same train, before and after the injury. The defendants moved that a verdict be directed in their favor for

want of evidence of the plaintiff's care, and also that the court instruct the jury that the evidence of the plaintiff's contributory negligence was conclusive, and a bar to his right to recover. The motions were denied, and the defendants excepted. Verdict for the plaintiff, and motion for a new trial.

*Yeaton* (with whom was *Wheeler*), for the defendant, on the point of no evidence of the plaintiff's care, cited *Ill. Cent. R. R. Co.* v. *Hall*, 72 Ill. 222; *Ill. Cent. R. R.* v. *Hetherington*, 83 Ill. 510; *Lake Shore & M. S. R. R.* v. *Hart*, 87 Ill. 529; *Donaldson* v. *Milwaukee & St. P. R. R.*, 21 Minn. 293, 297; *Mulherrin* v. *Del., Lack. & W. R. R.*, 81 Penn. St. 366, 376; *Laicher* v. *New Orleans, Jackson & Gt. N. R. R.*, 28 La. Ann. 320; *Richmond & Danville R. R. Co.* v. *Anderson's Adm'r*, 31 Grat. 812; *Leduke* v. *St. Louis, &c., R. R.*, 4 Mo. App. 485; Whar. Neg. 388, *a;* 1 Thomp. Neg. 488, note;—and on the point that the evidence of the plaintiff's contributory negligence was conclusive, the same counsel cited *Penn. R. R.* v. *Kilgore*, 32 Penn. St. 292, 294; *Prideaux* v. *Mineral Point*, 43 Wis. 513; *Schmidt* v. *Chicago, &c., R. R.*, 83 Ill. 405; *Donaldson* v. *Milwaukee, &c., R. R.*, 21 Minn. 293; *Central, &c., R. R.* v. *Dixon*, 42 Ga. 327; *Stillson* v. *Hannibal & St. J. R. R.*, 67 Mo. 671; *McMahon* v. *Northern, &c., R. R.*, 39 Md. 438; *Bellefontaine, &c., R. R.* v. *Hunter*, 33 Ind. 335; *New Orleans, &c., R. R.* v. *Mitchell*, 52 Miss. 808; *Laicher* v. *New Orleans, Jackson & Gt. N. R. R.*, 28 La. Ann. 320; *Benton* v. *Cent. R. R.*, 42 Iowa 192; *Chaffee* v. *Boston & Lowell R. R.*, 104 Mass. 108; *Reynolds* v. *N. Y., &c., R. R.*, 58 N. Y. 248; *Cleveland, &c., R. R.* v. *Elliott*, 28 O. St. 340; *Lake Shore, &c., R. R.* v. *Miller*, 25 Mich. 274, 290; *R. R. Co.* v. *Houston*, 95 U. S. 697; *Gavett* v. *M. & L. R. R.*, 16 Gray 501; *Allyn* v. *B. & A. R. R.*, 105 Mass. 77; *Cook* v. *Union Railway*, 125 Mass. 57; *Smith* v. *Railway*, 5 L. R. Com. Pl. 102; *Kearney* v. *London, Brighton & S. C. R. Co.*, L. R. 5 Q. B. 411, and L. R. 6 Q. B. 759; *Colton* v. *Wood*, 8 C. B. (N. S.) 568; *Harlan* v. *St. Louis, K. C. & N. R. Co.*, 65 Mo. 22; *Phil. & Read. R. R.* v. *Hummell*, 44 Penn. St. 375; *Dailey* v. *Blake*, 35 N. H. 29.

*Copeland & Edgerly* (with whom was *Currier*), for the plaintiff, on the point that there was evidence of the plaintiff's care, cited *State* v. *M. & L. R. R.*, 52 N. H. 528;—and that the evidence of the plaintiff's contributory negligence was not conclusive, as matter of law, cited *State* v. *M. & L. R. R.*, supra; *Ernst* v. *R. R.*, 35 N. Y. 36–42; *Brown* v. *R. R.*, 32 N. Y. 597; *McGrath* v. *R. R.*, 32 Barb. 147; *Fero* v. *R. R.*, 22 N. Y. 213; *Warren* v. *R. R.*, 8 Allen 227; *Wheelock* v. *B. & A. R. R.*, 105 Mass. 206; *Gaynor* v. *Old Col. R. Co.*, 100 Mass. 214; *Elliott* v. *Pray*, 10 Allen 378.

ALLEN, J. The defendants' motion for a verdict was founded on the claim that there was no evidence at the trial that the plain-

tiff was in the exercise of reasonable care at the time of the injury. There was evidence that the defendants' train was running at an unlawful rate of speed, and this fact might affect the question of the plaintiff's care. It may have been reasonable for the plaintiff to act upon the belief that the defendants were aware of the speed law, and would obey it. *State* v. *Boston & Maine Railroad*, 58 N. H. 408, 410. The fact that the plaintiff did not stop and look for the approaching train before attempting to go over the track at a street crossing, is not, as matter of law, conclusive of the plaintiff's want of care contributing to the injury. *State* v. *Manchester & Lawrence Railroad*, 52 N. H. 528. The plaintiff's belief in the defendants' knowledge and presumed obedience of the speed law may have been a sufficient excuse for his want of vigilance in not observing the approaching train; and whether or not it was a sufficient excuse is a question of fact, which was properly submitted to the jury. *Warren* v. *Fitchburg Railroad*, 8 Allen 227; *Gaynor* v. *Old Colony Railway Co.*, 100 Mass. 214; *Wheelock* v. *Boston & Albany Railroad*, 105 Mass. 206. There was no error in the admission of evidence of the distance from Dover to Alton Bay and intermediate stations, and of the running time between. The time taken to run over the whole road or any given part of it would have some tendency to show the velocity of the train at any given point between stations, and the evidence was admissible for that purpose. Whether evidence of the speed at which the defendants' trains were run at the same place at other times was admissible, was a question of fact depending upon remoteness of time and place, to be decided at the trial. The judgment of the court admitting the evidence disclosed no error. The usual rate of speed may have had some weight on the question of the rate at the time and place of the accident. *State* v. *Manchester & Lawrence Railroad*, 52 N. H. 528, 549, 550; *State* v. *Boston & Maine Railroad*, 58 N. H. 410, 412. The estimate of the rate of speed of the train by witnesses living near, and who were in the habit of observing the passage of trains, was competent on the subject.

*Judgment on the verdict.*

BLODGETT, J., did not sit: the others concurred.