PARKINSON, *Adm'r, v.* THE NASHUA & LOWELL R. R. COMPANY.

In an action for negligence, it is competent to show that the party charged therewith had performed or omitted the same act in the same way before, as tending to show that he did or omitted the act at the time in question.

A verdict will not be set aside on account of an error in the rulings or charge of the court at the trial term, if the result could not have been affected thereby.

CASE, for negligently causing the death of the plaintiff's intestate by the defendants' railway train while attempting to cross their track in his carriage at the Elm street crossing in Nashua. The defendants claimed that the deceased was negligent in driving upon the crossing, and that his death was caused by his negligence, while the plaintiff claimed that the deceased was exercising ordinary care. The evidence was conflicting; and, subject to exception, the defendants were permitted to introduce evidence tending to show negligence of the deceased in driving over railroad crossings at other times and places in the vicinity of locomotives and moving trains.

The jury returned a verdict for the plaintiff, which he moved to set aside.

*B. Wadleigh* (*R. M. Wallace* with him), for the plaintiff. The court below erred in admitting evidence of other acts of negligence

of the deceased in driving over railroad crossings at other times and places. The question in the case was, Did the deceased meet his death by reason of the actual negligence of himself upon that particular occasion? If not, then no matter how often he had been negligent before, nor how unskilful he was in general, when all that in fact took place can be laid before a jury, these facts as they transpired are the only proper matter for their consideration. Testimony of negligence in other cases, though well adapted to prejudice the jury, was perfectly consistent with the supposition that he exercised all possible care in this instance. Such testimony was not to the point in issue, and its reception and submission to the jury is error for which the plaintiff is entitled to a new trial. These propositions are but statements of the elementary rules on the relevancy of evidence. 2 Stark. Ev. 312; 1 Phil. Ev. 276; 1 Greenl. Ev., *s.* 52; Abb. Tr. Ev. 584; Best Pres. 271; Foster's Crown Law 246. The courts, too, wherever occasion has presented, have uniformly supported this position. *Robinson* v. *Railroad,* 7 Gray 92; *Tenney* v. *Tuttle,* 1 Allen 185; *Gahagan* v. *Railroad,* 1 Allen 187; *Maguire* v. *Railroad,* 115 Mass. 240; *Jacobs* v. *Duke,* 1 E. D. Smith 271; *Scott* v. *Hale,* 16 Me. 326; *Morris* v. *East Haven,* 41 Conn. 252.

*W. W. Bailey* and *A. F. Stevens,* for the defendants.

BLODGETT, J. Although it is quite generally held elsewhere in actions for negligence, that evidence of other specific instances of negligence on the part of either party is not competent, because raising a collateral issue, yet in this state a different rule prevails, and has become established in cases where the evidence is conflicting; and it is here held to be competent to show that the party charged with negligence had performed or omitted the same act in the same way before, as tending to show that he did or omitted the act at the time in question, on the ground that a person is more likely to do a thing in a particular way, as he is in the habit of doing or not doing it. *State* v. *M. & L. R. R.,* 52 N. H. 528, 549, 550; *Hall* v. *Brown,* 58 N. H. 93, 96, 98; *State* v. *Boston & Maine R. R.,* 58 N. H. 410, 412; *Nutter* v. *Boston & Maine R. R.,* 60 N. H. 483. Hence there was no error in the admission of the evidence excepted to; but if the contrary were true, no cause is furnished for setting aside the verdict, for, notwithstanding its admission, the plaintiff prevailed. The verdict in his favor was necessarily a finding by the jury that the deceased was in the exercise of proper care at the time of the accident, or, at least, that his conduct was not the proximate cause of it, and therefore the plaintiff could not have been prejudiced by the testimony in question. When this is so, a verdict will not be disturbed on account of any error in the rulings or charge of the court below (*Bassett* v. *Salisbury Mfg. Co.,* 28 N. H. 438, 457, and cases cited), and not ordinarily on account of even an erroneous ruling against the prevailing party. See

*Kingsley* v. *Holbrook*, 45 N. H. 313, 323, and *Graves* v. *Graves*, 45 N. H. 324, per *Sargent*, J.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.