GERRISH & a. *v.* GERRISH & a.

Whether a witness may be cross-examined by the party calling him, and whether counsel may put leading questions to his client when called by the other side, are questions to be determined at the trial term.

TROVER. The plaintiffs were called as witnesses by the defendants, who, in examining them, were permitted to put leading questions, to which the plaintiffs excepted.

The plaintiffs' counsel claimed the right to put leading questions in his examination of the plaintiffs as witnesses, because they had been put upon the witness stand by the defendants. The court declined to permit him to do so, and the plaintiffs excepted.

*E. B. S. Sanborn, J. Y. Mugridge,* and *W. D. Hardy,* for the plaintiffs.

*Barnard & Barnard,* for the defendants.

CARPENTER, J. Upon competent evidence, it is found that when the mortgage was executed the intention of the parties was, not to apply the mortgaged property upon the mortgage debt, but to protect it from the mortgagor's creditors. In *Ranlett* v. *Blodgett,* 17 N. H. 298, it was held that if the mortgagee of personal property authorizes the mortgagor to sell the mortgaged property and appropriate the avails to his own use, the mortgage is void as against creditors, though there is no evidence of an actual intent to defraud them. This doctrine was reaffirmed in *Putnam* v. *Osgood,* 51 N. H. 192, and 52 N. H. 148, and in *Wilson* v. *Sullivan,* 58 N. H. 260.

The intention not to apply the property upon the mortgage debt is equivalent to an understanding that the mortgagor may dispose of it for his own use. Here, in addition, there was an actual intent to withdraw the property from the reach of creditors, and to defraud them.

The cross-examination of a witness by the party calling him may be rendered necessary by the hostility of the witness or other cause; and whether sufficient cause exists is a question of fact to be determined at the trial term. *Bundy* v. *Hyde,* 50 N. H. 116. The defendants, by calling the plaintiffs as witnesses, were not precluded from cross-examining them. G. L., c. 228, s. 15. The fact that the plaintiffs were called by the defendants did not make it necessary for the plaintiffs' counsel to put leading questions to his clients.

The evidence that the mortgage was erroneously recorded was immaterial upon the question of fraudulent intent, and not calculated to prejudice the plaintiffs upon that issue. The other evidence objected to by the plaintiffs was competent.

*Judgment for the defendants.*

SMITH, J., did not sit: the others concurred.