WALKER v. BOSTON & MAINE RAILROAD.

Whether the sounding of the whistle by a locomotive engineer, whereby the plaintiff's horse was frightened, was an act of negligence, and whether due care was used by both parties to prevent injury, are questions for the jury.

CASE. The plaintiff testified that November 1, 1881, he was driving on the highway southerly towards the defendants' station in Madbury, and when about one hundred rods from it, observed the defendants' locomotive engine, with a freight-car attached, approaching from the west; that he drove to a point about six rods distant from the railroad crossing at the station, and there stopped, in plain sight of the crossing; that the engine stopped directly on the crossing; that while it was there standing, the engineer

sounded the steam whistle four to six times in rapid succession; that they were not common whistles, but loud screeches, with hardly any interval between them; that his horse, frightened by the noise, jumped and turned suddenly round, whereby his wagon was upset and broken, and he himself was personally injured; that immediately after, he charged the engineer with blowing the whistle to frighten the horse; that the engineer denied the charge, and said that he sounded the whistle to call the station-agent to the station; that his horse was kind and gentle—had been frequently driven about the cars, and was not afraid of them. A motion for a nonsuit was denied, and the defendants excepted.

*James A. Edgerly* (with whom was *J. S. H. Frink*), for the defendants. The nonsuit should have been ordered. In order to maintain his case, the plaintiff must affirmatively establish three propositions: First, that at the time and place of the accident he was in the exercise of due care. Second, that the defendant corporation was negligent. Third, that the plaintiff's injury was caused by such negligence. There is no evidence here of negligence on the part of the defendant corporation. The mere sounding of the whistle cannot be deemed negligence, although blown in close proximity to the highway, and even though there are horses in the immediate vicinity. *Billman* v. *Indianapolis, Cincinnati & Lafayette Railroad*, 76 Ind. 166. The evidence does not show that the sounding of the whistle was unnecessary or improper, and it is therefore presumed there was lawful occasion for it. *Culp* v. *Atchison & Nebraska Railroad Co.*, 17 Kans. 475. The mere fact of whistling furnishes no presumption of negligence. *Phila. R. R. Co.* v. *Stinger*, 78 Penn. St. 219. "A railroad has the right to do lawful acts upon its own premises, and is not responsible for injurious consequences that may arise from such acts, unless the acts are negligently and improperly done." *Favor* v. *Boston & Lowell R. R. Corp.*, 114 Mass. 350.

If the blowing of the whistle was not *per se* negligent, that is, was negligent, or not, depending on whether there was a necessity for doing it, manifestly before an inference of negligence can arise from the mere doing of the act, it is incumbent on the party having the burden of the issue to show that the act was done under such circumstances as made it at that time negligent. When the evidence is silent as to a fact, the existence of which is necessary to make out the plaintiff's case, the presumption is that such fact did not exist. To sustain the plaintiff's case, it was incumbent on him to prove that the defendant corporation was guilty of negligence. The evidence in this case shew nothing more than that the defendants did that for which, under some circumstances, the law imposes a penalty against its servants if the act which was done is omitted, besides making the company liable for all damages which result from its omission.

*Henry D. Yeaton* (with whom were *J. C. Caverly* and *Marston & Eastman*), for the plaintiff.

CLARK, J.   The plaintiff was a traveller on the highway.   The evidence tended to show that the noise of the steam whistles from the defendants' locomotive engine was of an unusual character, and that the plaintiff's horse, which was kind and gentle and not afraid of the cars, was frightened by it.   Whether the plaintiff was in the exercise of reasonable care, whether the sounding of the whistles was reasonably necessary, and whether the defendants exercised reasonable care to prevent injury to the plaintiff, were questions for the jury.   *Gordon* v. *Railroad*, 58 N. H. 396 ; *Ruland* v. *South Newmarket*, 59 N. H. 291 ; *Lewis* v. *Railroad*, 60 N. H. 187.

*Exceptions overruled.*

CARPENTER, J., did not sit : the others concurred.