Hillsborough,
June, 1899.

PROCTOR & a. *v.* WHITE MOUNTAIN FREEZER CO.

Specific instances of negligence, of the same general character as the acts complained of, may be put in evidence to show negligence at a particular time.

Whether a specific instance of negligence sought to be put in evidence is too remote in point of time, is a question of fact determinable at the trial term.

CASE, for negligently setting fire to the plaintiffs' storehouse. Trial by jury, and verdict for the plaintiffs.

The plaintiffs' evidence tended to prove that the defendants operated a furnace for melting iron on a lot adjoining the storehouse and fifty-four feet southeasterly therefrom; that when using the furnace for melting, the defendants built a fire in it of wood and coke, which was kept up under the natural draft of the stack until the fire became white hot, when they threw in the iron and put on the forced draft called a blast, which was continued until the iron was melted; that a constantly increasing volume of sparks came from the furnace during the whole of the fire, and that the only difference as to throwing off sparks was that more were thrown off under the forced than under the natural draft; that in either case, the sparks were thrown only a few feet above the top of the stack, and that the wind would carry them as far from one kind of fire as it would from the other.

Occasionally it was necessary to line up this furnace with firebrick. This necessitated a thorough drying out of the furnace before it could be again used, which was done by continuing a wood fire under the natural draft until the furnace became very hot. Sparks had frequently been carried by the wind upon the

plaintiffs' premises and had set several fires thereon at points as far or farther from the furnace than the storehouse.

On the day of the fire in question the defendants were drying out this furnace. The wind was from the southeast, and just before the fire was discovered sparks were noticed coming from the furnace over and around the storehouse.

The plaintiffs were permitted to show the effect of using the furnace under a forced draft in respect of sparks, and the defendants excepted.

*Wason & Jackson* and *George B. French*, for the plaintiffs.

*Charles W. Hoitt*, *Charles J. Hamblett*, *Charles H. Burns*, and *John H. Riedell*, for the defendants.

YOUNG, J. The evidence excepted to was admissible. In this state specific instances of a party's negligence of the same general character of those complained of, and which are not too remote in point of time, may be put in evidence to show his negligence at the particular time, upon the theory that a person is more likely to do a thing in the way he is in the habit of doing it, when he acts thoughtlessly and without an actual intention of injuring any one. *State* v. *Railroad*, 52 N. H. 528, 549, 550; *Hall* v. *Brown*, 58 N. H. 93, 97; *Lewis* v. *Railroad*, 60 N. H. 187, 188; *Nutter* v. *Railroad*, 60 N. H. 483, 485; *Parkinson* v. *Railroad*, 61 N. H. 416, 417; *Smith* v. *Railroad*, 63 N. H. 25, 29; *Presby* v. *Railway*, 66 N. H. 615, 619. And whether any specific instance of negligence is too remote, is a question of fact for the trial term. *Nutter* v. *Railroad*, *supra*.

The only material difference between any of the fires in the furnace was that the longer they continued the more dangerous they became. The evidence excepted to tended to show that on the occasions to which it related the defendants failed to exercise due care in the management of the furnace, and was competent for the jury to consider on the question of their care at the time of the injury to the plaintiffs. There was no more reason for excluding this evidence because the fire is more dangerous under a forced than it is under a natural draft, than there would be in an action against a railroad for the negligence of their flagman in failing to give notice of an approaching freight train, in excluding the fact that he had often neglected to give notice of approaching express trains.

Nor is there any merit in the defendants' contention that the evidence does not come within the rule, because there was no conflict between the parties upon the question of the management of

the furnace. Whether they were negligent in its management was one of the questions submitted to the jury, and this evidence clearly tended not only to show negligence on their part, but that it caused the fire; for while the fact that a furnace under a forced draft throws off sparks has no tendency to prove that it would under a natural draft, still, when it was shown that this particular furnace was throwing off sparks just before the fire was discovered, which were coming over and around the storehouse, and that a forced draft had no effect upon the distance to which the wind would carry them, the evidence was admissible, because the fact that the wind had frequently carried sparks from the furnace which set fires at as great or even greater distance than the storehouse would have an obvious tendency to show that the injury to the plaintiffs' property was so occasioned.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.