Merrimack, }
June 3, 1902. }

SMITH v. MORRILL.

The erroneous admission of incompetent testimony does not furnish cause for
    setting aside a general verdict when it is apparent from a special finding
    that the result of the trial was not affected thereby.
A plaintiff who has been cross-examined with reference to a statement of
    account filed with his counsel may be permitted to show the circumstances
    under which it was made.
Where a plea in recoupment alleges that a plaintiff architect gave improper
    directions as to work under his superintendence, his letter of instruction to
    the contractor is admissible in evidence.

ASSUMPSIT, for services as an architect. The case was heard
by a referee and transferred upon the report by *Peaslee*, J., at the
April term, 1901, of the superior court. The defendant filed a
plea of recoupment containing several items, all of which were
disallowed.

In a letter during the course of negotiations and before employ-
ment, the plaintiff wrote the defendant as follows: " In regard to
total cost of building, you understand of course that in case the
estimates exceed the amount you stipulated, my drawings, specifi-
cations, etc., will be modified to bring the cost to the amount you
stipulate, without extra cost to yourself." Subject to exception,
the referee admitted the testimony of architects as experts, as to
the meaning of the term " modification " between architects and
clients employing them to design buildings. The evidence was
received on the question whether certain plans were modifications
of other plans previously submitted by the plaintiff, or whether
they were new plans. On this point the referee found that the
plans in question were in no sense modifications of the prior plans,
and that he made such finding according to the ordinary accepta-
tion of the term " modification " and irrespective of the expert
testimony of the architects as to the meaning of the term.

The plaintiff on cross-examination was asked if he had left with
his counsel a statement of his account against the defendant. He
replied that he had made a confidential statement to his counsel,
but that he did not know as the statement or a copy of it had
been sent to the defendant's counsel. The defendant's counsel
then produced a paper and asked the plaintiff if that was the
statement made by him to his counsel, whereupon the plaintiff
produced the original statement which he gave to his counsel,
upon which the following writing appeared: " This and the two
following pages is a suggestion of compromise submitted without
prejudice." The defendant excepted to this statement, relating

to the circumstances under which the statement was made and given by the plaintiff to his counsel. The two papers were typewritten and were the same, except that the one produced by the defendant's counsel did not have the writing above referred to and certain figures which appeared in pencil upon the plaintiff's copy. The referee found that the statement was furnished by the plaintiff as an offer of compromise, and disregarded it as evidence. This finding was based upon the foregoing evidence and upon two letters of the plaintiff's counsel which were in evidence.

A letter from the plaintiff to one Wilson, the contractor, containing directions as to the work, was introduced in evidence by the plaintiff, subject to exception. One of the claims of the defendant's brief statement was that the plaintiff had improperly directed Wilson to disregard the directions of the defendant relating to changes in the construction of the building.

*Sargent, Niles & Morrill,* for the plaintiff.

*Streeter & Hollis,* for the defendant.

PARSONS, J. 1. The expert testimony as to the meaning of the term "modification" related to an issue as to which no finding has been made. If the evidence tended to establish that the word is given a peculiar signification among architects and their clients, it is not found that the term has such meaning in that connection. The course of the trial developed that this issue tendered by the plaintiff was immaterial, and the evidence was properly disregarded by the referee. If the plans in question were not modifications according to the ordinary acceptation of the term, it is of no consequence whether the word was used in the contract in a restricted sense. Evidence upon that point was clearly immaterial; and if it had no tendency to prejudice the plaintiff upon the material issues, the evidence, if erroneously admitted, furnishes no ground for disturbing the report. Incompetent evidence will not vitiate a verdict rendered upon such grounds as to make its admission immaterial; nor will a new trial be granted on account of the introduction of incompetent evidence, if it was introduced to prove a point which the jury by their verdict do not find to have been proved. *Gerrish* v. *Gerrish,* 63 N. H. 128; *Parkinson* v. *Railroad,* 61 N. H. 416; *Wier* v. *Allen,* 51 N. H. 177, 179, 180; *Currier* v. *Railroad,* 34 N. H. 498, 507.

Although the plans in question were made a part of the case, there has been no attempt to show that the referee erred in ruling that one was not a modification of the other. The defendant could not have been prejudiced by the evidence unless the referee was led thereby to mistake "the ordinary acceptation of the term

'modification.'" There is nothing in the case tending to show that he did so, and it cannot be inferred that he was unacquainted with the meaning of common words.

2. The defendant's counsel, having inquired as to a statement given by the plaintiff to his counsel, cannot object to testimony as to the circumstances under which the statement was made and given to the plaintiff's counsel. The circumstances under which a statement is made are often and usually important in ascertaining what is meant by the language used. *Kendall* v. *Green*, 67 N. H. 557, 562, 563. The controversy appears to have been, whether the statement was an admission of the full amount of the claim, or a basis for a compromise. Whether it was intended as the one thing or the other, was a question of fact upon which the attendant circumstances would be evidence. *Colburn* v. *Groton*, 66 N. H. 151, 158; *Jenness* v. *Jones*, 68 N. H. 475. Likewise, whether the statement furnished by counsel to counsel was an offer of compromise or an admission of the extent of the claim, depended upon the intent with which it was made. Upon the question of intent the prior instructions of the client were evidence; for it is more probable an agent will intend to do what he is instructed and authorized to do than otherwise. *Hall* v. *Brown*, 58 N. H. 93, 98. On this question the letters were also competent. There was evidence that the statement furnished by the plaintiff to his counsel was intended to be an offer of compromise. If there was evidence tending to a contrary conclusion, it cannot be said as matter of law that the finding of fact is erroneous. Objection is made that certain words written on the statement given the plaintiff's counsel were in pencil, and that certain of the pencil entries purported to bear date subsequent to the transmittal of the statement to the defendant's counsel. The case finds that the paper presented by the plaintiff in response to the inquiry of the defendant's counsel was the statement he gave to his counsel. Whether it was the statement or not, was a question of fact, upon which the paper itself was evidence which there is no reason to suppose was not duly considered by the referee.

3. As the defendant claimed under his plea in recoupment that the plaintiff had improperly directed the contractor, Mr. Wilson, it was competent for the plaintiff to show what directions he had given. The letter to Mr. Wilson excepted to was evidence upon this question. Being competent and material for some purpose, it could not be excluded although incompetent upon other issues in the case. *Rogers* v. *Kenrick*, 63 N. H. 335. It does not appear that any improper use was made of the evidence by the referee.

*Exceptions overruled.*

WALKER, J., did not sit: the others concurred.