Hillsborough, }
Nov. 3, 1903. }

REAGAN v. MANCHESTER STREET RAILWAY.

If the answer of a witness is otherwise competent, it is not to be excluded because it is irresponsive.

An objection to evidence on the ground of remoteness will be regarded as waived unless made at the trial.

Evidence competent and material for some purpose cannot be excluded because of its incompetency upon other issues.

CASE, for personal injuries resulting from a collision with the defendants' car. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1903, of the superior court by *Pike*, J.

The cause of the collision was alleged to be negligence in running the car at excessive speed and failure to exercise care to avoid injury to the plaintiff after discovering him in a place of danger. The plaintiff introduced evidence that the defendants habitually ran their cars past the place of collision at a high rate of speed. A witness who had been employed as a motorman by the defendants for a number of years prior to the accident was called as an expert by the plaintiff, and testified that at the place of the accident, upon a dry track, a car ought to be stopped in its length, or about thirty feet. He was then asked whether that would be true if the speed of the car was twenty miles an hour. To this inquiry he replied, " I have been through there a good many times twenty miles an hour." To this answer the defendants excepted.

*Brown, Jones & Warren* (*Robert L. Manning* orally), for the plaintiff.

*Taggart, Tuttle & Burroughs* (*Louis E. Wyman* orally), for the defendants.

PARSONS, C. J. The answer objected to was not incompetent merely because irresponsive. *Glauber Mfg. Co.* v. *Voter*, 70 N. H. 332, 333. If the answer had some tendency to support the plaintiff's contention that the defendants habitually ran their cars past the place of collision at a high rate of speed, it could not be excluded for that reason. *Smith* v. *Railroad*, 70 N. H. 53, 82; *Davis* v. *Railroad*, 68 N. H. 247, 248, 249. If the objection was that the particular piece of evidence was too remote, the question, if raised, was one determinable by the superior court. *Proctor* v. *Freezer Co.*, 70 N. H. 3, 4; *Nutter* v. *Railroad*, 60 N. H. 483, 485. As no ruling upon the question was requested at the trial, the objec-

tion, if tenable, must be regarded as waived. *Bundy* v. *Hyde*, 50 N. H. 116, 122; *Carter* v. *Beals*, 44 N. H. 408, 411. The evidence had some tendency to establish the witness' qualification to answer the inquiry made of him. Being competent for this purpose, the evidence was admissible and could not be excluded if incompetent upon other issues. *Smith* v. *Morrill*, 71 N. H. 409; *Rogers* v. *Kenrick*, 63 N. H. 335.

*Exception overruled.*

BINGHAM, J., did not sit: the others concurred.