Hillsborough, }
June 5, 1906. }

HASKELL v. MANCHESTER STREET RAILWAY.

| 73 | 587 |
| 74 | 77 |

Evidence that a defect alleged as the cause of injury could have been remedied by a small expenditure of money is competent to show that the defendant was negligent in not making repairs.

The admission of evidence competent for some purpose, and not shown to have been offered for a purpose for which it was incompetent, does not furnish cause for setting aside a verdict.

In the absence of exception, it is presumed that instructions as to the legal tendency of evidence were correct and were observed by the jury.

CASE, for negligence in permitting a car used as a waiting place for passengers to be in a dangerous condition. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1905, of the superior court by *Peaslee*, J.

Subject to exception, a witness was permitted to testify that a defect in a seat in the car, of which the plaintiff complained as the cause of her injury, could have been remedied for two dollars.

*Taggart, Tuttle, Burroughs & Wyman*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

BINGHAM, J.   The amount of expenditure required to have remedied the defect from which the plaintiff received her injury had some tendency to show whether the defendants were guilty of a want of care in not making repairs before the accident.   *Taylor* v. *Railway*, 48 N. H. 304, 316.   The evidence was competent. Being competent for some purpose, the verdict cannot be disturbed, since it does not appear that it was offered for a purpose for which it was incompetent.   *Rogers* v. *Kenrick*, 63 N. H. 335; *Smith* v. *Morrill*, 71 N. H. 409, 411; *Reagan* v. *Railway*, 72 N. H. 298.   The presumption is, in the absence of exception, that the jury were properly instructed as to the legal tendency of the evidence, and that they followed the instructions given.   *Lawrence* v. *Towle*, 59 N. H. 28, 31; *Mitchell* v. *Railroad*, 68 N. H. 96, 117.

*Exception overruled.*

All concurred.