Coös,　　}
June 29, 1918. }

### ALEXANDER D. KIER v. NORMAN PARKS.

Whether evidence which may be excluded for remoteness shall be excluded, is settled at the trial, and presents no exception.

CASE, for negligence. Trial by jury and verdict for the defendant. The plaintiff went to the defendant's garage to have repairs made on an automobile, and, while searching for a workman in the darkness, stepped between two cars, which were being repaired and were standing over an open pit, fell into the pit and was injured.

The following question, asked upon direct examination of a witness called by the plaintiff, was excluded subject to exception: "Now what is the practice in the garages where you have been employed and where you have seen pits, with reference to their being guarded or covered?"

Plaintiff's counsel then asked the following question: "Well, is there any practice or custom in the garages where you have worked, and where you have noted pits in the floors of garages, with reference to how they are taken care of?" This question was also excluded, no exception being taken, the court remarking that the question was not framed properly. Counsel then said he was asking whether or not there was such a custom; the court replying, "I don't think that is the form to put your question." The witness then was asked, "How are pits in garages where you have worked

and where you have observed pits, constructed?" and answered without objection, "Well, there are some of them made of wood, where there are wood floors; others, a cement floor, and the pits are of cement, and there is a groove along the edge of the pit so that when the pits are not in use, why, they are covered over with plank, I should say about two inches thick."

A bill of exceptions was allowed by *Kivel*, C. J., at the September term, 1917, of the superior court.

*Edgar M. Bowker* (by brief and orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the defendant.

PARSONS, C. J.    The record shows that the question excluded subject to exception was not excluded because its subject-matter was considered irrelevant, but because of the form of the inquiry. The court may have found the witness competent to testify to common practice in the matter and considered he should have been interrogated upon that point and not as to the practice of particular individuals. *Saucier* v. *Spinning Mills*, 72 N. H. 292. It may be the question was thought too indefinite as failing to distinguish between construction and operation and in not asking the practice under circumstances like those disclosed at the trial.    As to construction and care when the pits were not in use the witness was permitted to exhaust his knowledge.    He was not inquired of as to operation in a situation like that in the case on trial.    The question in the form in which it was put could be excluded upon the ground of remoteness.    The record indicates it was excluded upon that ground.    Consequently no question of law is raised by the exception.    *Challis* v. *Lake*, 71 N. H. 90, 95; *Reagan* v. *Railway*, 72 N. H. 298; *Proctor* v. *Company*, 70 N. H. 3, 4; *Nutter* v. *Railroad*, 60 N. H. 483, 485.    Whether the evidence was otherwise incompetent is not considered.

*Exception overruled.*

All concurred.