## BELKNAP.

---

## ROGERS *v.* KENRICK.

A verdict is not set aside for the admission of evidence competent for some purpose, and not shown to have been offered or used for a purpose for which it was incompetent.

The use of a chalk in the plaintiff's closing argument is not made a cause for a new trial by the fact that it was not exhibited before the close of the defendant's argument. The justice of the defendant's having an opportunity to reply, if he is surprised by it, is a question of fact to be determined at the trial.

TRESPASS *qu. cl.* The question was the locality of a boundary line on the west side of the plaintiff's land, and the east side of the defendant's. The plaintiff claimed the establishment of one line by agreement: a second he claimed to be the true line: a third was claimed by the defendant. The verdict was for the second. The plaintiff claimed under Rogers, who bought of Cross now deceased. Subject to the defendant's exception, the plaintiff testified that while he, as agent of Rogers, was negotiating with Cross for the land now owned by the plaintiff, Cross went with him upon the land, and pointed out its boundaries as claimed and occupied by him; and, subject to exception, the plaintiff gave the locality of the line pointed out by Cross on the west side of his land. Subject to exception, the plaintiff's counsel, in the closing argument, was allowed to use as a chalk a diagram then for the first time exhibited.

*Barnard & Barnard*, for the defendant. I. The rule of law in New Hampshire in regard to the admission of the declarations of deceased persons as to the boundaries of real estate is, if the deceased person, from his situation, had the means of knowledge, and no interest to misrepresent, his declarations are admissible. *Lawrence* v. *Haynes*, 5 N. H. 33; *Great Falls Co.* v. *Worster*, 15 N. H. 412; *Gibson* v. *Poor*, 21 N. H. 440; *Prescott* v. *Hawkins*, 22 N. H. 191; *Melvin* v. *Marshall*, 22 N. H. 379; *Adams* v. *Stanyan*, 24 N. H. 417; *Adams* v. *Blodgett*, 47 N. H. 219. If the declarations are those of a deceased owner of the land, and made while such owner, they are admissible against his privies in estate, but not in their favor, unless they were in disparagement of his title. *Shepherd* v. *Thompson*, 4 N. H. 213; *Pike* v. *Hayes*, 14 N. H. 19; *Smith* v. *Powers*, 15 N. H. 546; *Morrill* v. *Foster*, 33 N. H. 379; *Smith* v. *Forrest*, 49 N. H. 230. In accordance with this rule the evidence should have been excluded. The declaration was made by the deceased while he was owner of the land, and while he was negotiating for its sale, the one occasion above all others when it was for his interest to misrepresent by extending his boundaries. The case simply shows that Cross was an owner. It does not show how long he had owned the land, or whether he knew anything about the boundaries. He simply "claimed and occupied" to a certain line. The mere fact that a man purchases a tract of land, and claims to a certain bound for six weeks or six months, it not appearing that the adjoining owner had any knowledge of it, and there being no controversy about the line, cannot assist in determining where the true line is.

II. The counsel for the plaintiff, in his argument, was allowed to use a plan for the purpose of illustrating his position, then for the first time exhibited to the jury. By referring to the plans in evidence, the court will see that one was made by the plaintiff in accordance with his theory of the case, and another by the defendant. These plans were before the jury, and the surveyors who made them were cross-examined by counsel, so that the jury could see how they were made. It would seem that a plan made carefully by a surveyor, under the direction of skilful counsel, who knew exactly what he wanted to prove and must prove to win the case, would be sufficient; but if it was not deemed sufficient, and the counsel thought it could be improved, it should have been offered in evidence, with opportunity for the other side to cross-examine the maker. This plan, like any other, was evidence, and that of the most forcible and convincing kind. It is a matter of universal knowledge, that when a person has before his eyes a plan of a lot of land, he has a much clearer understanding of it than can be gained by a mere verbal description, and a verdict should be set aside where counsel has been allowed to argue from a plan not in evidence, as well as from verbal statements not in evidence. It is unfair for the defendant to understand that the evidence is closed,

and make his argument, and then for the first time to have a new plan brought before the jury, without any chance on his part to say a word about its correctness or incorrectness. Why should this be allowed to be done any more than to argue any other evidence not in the case?

*Pike & Parsons*, for the plaintiff. I. The plaintiff and the defendant agreed as to the south bound of the disputed line. Of three bounds on the highway, the defendant claimed the line ran to the easterly one. The plaintiff claimed the line running to the most westerly bound, the stone, as an agreed line. The jury found in favor of the line running to a stake, the line claimed by the plaintiff as the true line. This stake stands three feet and seven inches easterly of the line claimed as agreed. The finding of the jury carried the defendant's easterly bound on the street three feet seven inches further east than it would have been had the plaintiff succeeded in establishing the agreed line. Upon the issue, therefore, whether the line running to the stone was an agreed line, the plaintiff was defeated, and the defendant prevailed. The evidence of the declarations of Cross, to the admission of which the defendant takes exception, tended to establish the agreed line; for this was the line pointed out by him, from the end of the fence to the stone, and did not tend to prove the issue upon which the plaintiff prevailed. It is therefore immaterial whether the declarations of Cross were competent or otherwise. Incompetent evidence will not set aside a verdict rendered upon such grounds as to make its admission immaterial. *Currier* v. *B. & M. R. R.*, 34 N. H. 498, 507; *Chamberlain* v. *Davis*, 33 N. H. 121, 128; *Watson* v. *Walker*, 33 N. H. 131, 145; *Gerrish* v. *Gerrish*, 63 N. H. 128. A new trial will not be granted on account of the introduction of incompetent evidence, if it was introduced to prove a point which the jury by their verdict did not find to have been proved. *Parker* v. *Griswold*, 17 Conn. 309; Baldw. Conn. Dig. 465, s. 33.

The testimony of the plaintiff as to the acts and declarations of Cross, now deceased, while the owner and upon the premises, in pointing out the westerly boundary of the lot as claimed and occupied by him, was properly admitted. One question in the determination of a boundary is, How have the parties occupied with reference to the disputed line? The fact that Cross went on the tract in dispute as owner and pointed out this line to the plaintiff, was an act of ownership fully as competent for the plaintiff to show as would have been the fact that Cross built a fence on this line. The plaintiff claimed the line pointed out by Cross as an agreed line. Evidence that the plaintiff's grantor was in possession up to that line was evidence tending to prove that issue. *Enfield* v. *Day*, 7 N. H. 457, 468; *Dudley* v. *Elkins*, 39 N. H. 78, 84; *Thompson* v. *Major*, 58 N. H. 242, 244. It was necessary for the plaintiff to show that the agreement was executed, and that the parties occu-

23*

pied under it, as well as that the agreement was made. The line between adjoining owners of land may be established by a parol agreement, and such agreement, when executed, is conclusive upon the parties and all claiming under them. *Orr* v. *Hadley*, 36 N. H. 575, 578. No reason is perceived why every declaration accompanying the act of possession, whether in disparagement of the claimant's title, or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestœ*, leaving its effect to be governed by other rules of evidence. *Hunt* v. *Haven*, 56 N. H. 89, 100; *Bell* v. *Woodward*, 46 N. H. 315, 335; *South Hampton* v. *Fowler*, 54 N. H. 197, 190, 200; *Fellows* v. *Fellows*, 37 N. H. 76; *Tappan* v. *Tappan*, 36 N. H. 101, 121; *Blake* v. *White*, 13 N. H. 267; 1 Gr. Ev. (2d ed.), *s.* 109. The evidence that Cross pointed out the boundaries of the lot as claimed and occupied by him, was admissible as showing the nature and extent of his occupation and claim.

It is also admissible as the declaration in regard to a boundary of a deceased person having the means of knowledge and not interested to misrepresent. The declarations of ancient persons, made while in possession of land owned by them, pointing out their boundaries on the land itself, and who are deceased at the time of trial, are admissible in evidence where nothing appears to show that they were interested to misrepresent in thus pointing out their boundaries; and it need not appear affirmatively that the declarations were made in restriction of or against their own rights. *Daggett* v. *Shaw*, 5 Met. 223, 226. The declaration of a person made upon land, while he was in possession thereof under an undisputed claim of title, that his line extended to a certain boundary, which he pointed out at the time, is admissible in evidence after his decease in favor of those who claim under him on the trial of a question arising subsequently concerning the boundary line of the same tract of land. *Wood* v. *Foster*, 8 Allen 24. To the same effect are *Bartlett* v. *Emerson*, 7 Gray 174, 176; *Ware* v. *Brookhouse*, 7 Gray 454; *Flagg* v. *Mason*, 8 Gray 556; *Long* v. *Colton*, 116 Mass. 414, 415; *Adams* v. *Swansea*, 116 Mass. 591, 596; *Hunnicutt* v. *Peyton*, 102 U. S. 333, 363, 364, 366; *Evans* v. *Hurt*, 34 Tex. 111; *State* v. *Gurnee*, 14 Kan. 111; *Smith* v. *McNamara*, 4 Lans. (N. Y.) 169, 172; *Bower* v. *Earl*, 18 Mich. 367, 377; *Sheaffer* v. *Eakman*, 56 Penn. St. 144, 151; *Dawson* v. *Mills*, 32 Penn. St. 302, 395; Abbott Tr. Ev. 700, 711, *nn.* 3 and 4 (ed. 1880). In *Abeel* v. *Van Gelder*, 36 N. Y. 513, 516, the declarations of their grantors were offered by the plaintiffs. In approving the admission of this evidence the court say,—"The fact that they were simply off the premises made no difference. They were defining their possession to a person negotiating for the purchase. Their declarations were properly admitted."

The defendant's proposition is, that the declarations of a former owner are admissible against his privies in estate, but not in their

favor, unless they were in disparagement of his title.    Under what
circumstances the declarations of an ancestor in title, in disparage-
ment of his title, would ever be offered in favor of his privy in
estate, we will not stop to inquire, as it does not seem material to
this case.    The cases in which the declarations of deceased persons
as to the boundaries of real estate are admissible divide themselves
into three classes:

1. Where the declarations are those of a former owner against
the claim now set up by his privy in estate.    These are admis-
sible as admission of the party now in interest by one by whose
acts he is bound, and would be equally admissible against the one
who made them if living, and it seems immaterial under most of
the cases whether the owner making them be living or dead at the
time of trial.    *Smith* v. *Powers*, 15 N. H. 546.

2. Where the declarations offered are those of deceased persons
who had no interest, and were not owners at the time of making
them.

3. Where the party making the declarations was the owner at
the time, and may be said to have had some interest, and the dec-
larations sustain the claim now made by his successor in title.

The cases of *Shepherd* v. *Thompson*, 4 N. H. 213, *Smith* v. *Pow-
ers, supra, Morrill* v. *Foster*, 33 N. H. 379, are relied upon by
the plaintiff to sustain his proposition.    The two latter depend on
the former, and it is upon the reasoning in that case that the prop-
osition must stand, if at all.    The rule set up in these cases is,
that the declaration is not admissible if the declarant had any
interest at the time of making them.    If this is the law at the
present time, and the court also agree that an owner of real estate
has an interest in his boundaries, the proposition would seem to be
sustained.    We urge, however, that such is not the rule at the
present time in this state, and that, in view of the large number of
more recent authorities in other jurisdictions, it should not now be
followed.    In *Smith* v. *Forrest*, 49 N. H. 230, the head note is,—
" The declarations of deceased owners of land are admissible, as to
the boundaries of their land, when it appears from their situation
that they had the means of knowledge, and no interest to misrep-
resent, especially when the declarations are in disparagement of
their title."    This means, as we understand it, that the declarations
of deceased owners are admissible, unless it appears that they are
so interested as necessarily to misrepresent, and are especially ad-
missible when the declarations are in disparagement of their title.
In the latter case, they fall within the first class above mentioned;
but it is sufficient for the case now before the court that they are
admissible when that is not the case.    The phraseology in this case
last cited is in accord with that in *Adams* v. *Blodgett*, 47 N. H.
219, where the same expression is used that the declarant should
have "no interest to misrepresent," and the expression of the earlier
cases that the declarant must have "no interest" abandoned.    Of

the effect of such evidence, the court say, in *Smith* v. *Forrest*, 49 N. H. 238, "It will be for the court and jury to determine the weight to be attached to evidence of this nature, or whether the parties have the means of knowledge, or have in any way been misled, or whether they had any motives to misrepresent by a statement too favorable to their own pecuniary interests." *Shepherd* v. *Thompson* rests upon the assumption of Judge *Richardson*, that it is to be presumed to be for the interest of all in possession of real estate to extend their boundaries, and that therefore any declarations by them as to their boundaries are in their own favor. In this case it does not appear that the parties whose declarations were offered were owners, or were on the premises at the time,—and, as stated, the case would not, as the present case does, fall within the rule of *Daggett* v. *Shaw*. To exclude the evidence in the case at bar, this assumption must be extended so that the court must hold that every owner of real estate, in pointing out any of his boundaries, is interested to misrepresent, and does intend to misrepresent, as to their location. It is difficult to conceive what interest Cross had to misrepresent. There had been no controversy about the line : so the plaintiff claims in his brief. He was pointing out what he had claimed and occupied,—stating a material fact to a possible purchaser, to whom, if he deceived, he might be obliged to respond in damages, and he had every motive to state the facts as he believed them to be. The legal presumption is, that men are honest, and not that they are dishonest. At the time of C. J. *Richardson's* decision, and others of the earlier cases, no person who had any interest in the suit could testify; and there was a peculiar reason why the declarations of a person who, if living and a party, could not testify should not be admitted merely because of his death, which no longer applies.

The defendant's claim, that the case shows simply that Cross was an owner, and does not show how long he had owned the land, or whether he knew anything about the boundaries, amounts simply to a claim that he had not the means of knowledge, and comes too late. The general presumption and fair legal intendment are, that every man knows the situation of his real property, both as to its boundaries and possession. *Smith* v. *Forrest*, 49 N. H. 230, 236. The place to raise this question was at the trial term. All facts necessary to be found to establish the competency of evidence are to be determined by the court at the trial term, and this finding is conclusive. *Bundy* v. *Hyde*, 50 N. H. 116; *Walker* v. *Curtis*, 116 Mass. 98. The admission of the evidence by the judge on the trial also involved a finding by him that Cross was not so interested at the time as to misrepresent in his statement to the plaintiff.

II. The propriety of the use by the plaintiff's counsel, in his closing argument, of the chalk described in the case, was a matter of fact to be determined at the trial term, and is not open to excep-

tion. *Ordway* v. *Haynes*, 50 N. H. 159, 162, 164. The chalk was not sent to the jury-room. The whole question, however, whether any drawing offered shall be used before the jury, or sent to their room, is to be determined by the court at the trial term. *Brown* v. *Wiggin*, 59 N. H. 327; *Commonwealth* v. *Holliston*, 107 Mass. 232; *Hollenbeck* v. *Rowley*, 8 Allen 473, 475. This chalk was not evidence : no chalk ever is evidence. A witness is allowed to use one in order that he may communicate his knowledge to the jury in an intelligible manner, and for the same reason counsel may use a chalk, may draw lines upon a blackboard, or pile up books upon a table, in the course of his argument, that he may intelligibly convey his views and arguments to the jury. The chalk was claimed to be in accordance with the evidence, and was so made. If the defendant thought otherwise, the time to raise that question was at the trial, and the tribunal the judge who tried the cause. The judge having permitted the same to be used, it is to be presumed he found it was in accordance with the evidence, if such finding were necessary to the proper allowance of its use. Such finding is conclusive. If the defendant failed to understand the force of the plaintiff's evidence until after the closing of his own argument, and was surprised, it was open to him to apply to the court after the close of the plaintiff's argument for permission to argue any point not before appreciated by him, and it would have been within the discretion of the court to have allowed the same.

DOE, C. J. The evidence of Cross's declarations showed his assent to the line he pointed out, and, with evidence of the assent of the owner on the other side, would tend to prove an agreed line which might be material, although it is neither of the lines claimed by these parties. It does not appear that the evidence was offered or used for the purpose of determining the true line as distinguished from an agreed one, or for any purpose for which it was not competent, or that it was material or prejudicial. The use of the chalk in argument raises no question of law. The propriety of the objective illustration, and the justice of the defendant's having an opportunity to reply if he was surprised (the plaintiff's right of final reply being maintained), were questions of fact to be determined at the trial.

*Judgment on the verdict.*

CARPENTER, J., did not sit: the others concurred.