Sullivan,
Feb. 4, 1913.

### BUSHMAN *v.* STEARNS.

The admission of immaterial evidence is sufficient cause for setting aside a verdict when it is apparent from the manner of its introduction and the use attempted to be made of it that the objecting party was prejudiced thereby.

TRESPASS *quare clausum.* Plea the general issue, with a brief statement alleging title in the defendant by deed and by adverse possession. Trial by jury and verdict for the defendant. Transferred from the May term, 1912, of the superior court by *Pike,* J.

The line in dispute is described in the defendant's deed (dated June 12, 1899) as follows: "Thence southerly and easterly on said heirs' land to a stone standing in the bed where the brook formerly ran, being the corner of Leonard Fairbanks' land." The parties agreed on the southerly course of this line to a point marked B on a plan accompanying the case, and on the location of the stone in the brook marked E on the plan. The plaintiff claimed that the line ran in a southeasterly direction directly to this stone; the defendant claimed that it ran nearly east to a point marked C and then southerly to the stone or E. There was no fence on the line B to E claimed by the plaintiff. In the line B to C claimed by the defendant there was for a short distance a half-high stone wall topped out with brush and beyond that an ordinary brush fence. The defendant claimed that the brush fence marked the line of ownership and that he and his grantors had occupied to this fence adversely, under a claim of right for over forty years. The plaintiff claimed that the brush fence was not intended as a division fence.

The defendant called as a witness a civil engineer who made a survey of the premises. The plaintiff excepted to the following question asked this witness by the defendant: "What did you discover as to the direction of this line with respect to other old town lines?" In answer the witness testified that the direction of this and other lines of the defendant's tract was the same as the average of original lot lines which he had surveyed in the town. There was no other evidence that the line in controversy was an original lot line.

*Benton & Pickard,* for the plaintiff.

*Hosea W. Parker* and *Frank O. Chellis,* for the defendant.

PARSONS, C. J.   In the absence of evidence that the disputed line was part of the boundary of an original lot, or an extension of or parallel to such a line, the course of the original lot lines was irrelevant to any issue which could have been before the jury.   A verdict is not set aside for the admission of immaterial evidence not shown to be prejudicial or used for a purpose for which it is incompetent.   *Rogers* v. *Kenrick*, 63 N. H. 335.   But though having no logical tendency to prove any matter in dispute, the error does not appear to have been harmless.   From the manner in which the evidence was introduced and the use attempted to be made of it in argument, to which exception was also taken, the jury may well have thought they were authorized to consider the substantial identity of the course of the line upon which the brush fence was built with the course of lines bounding original lots, as having some tendency to prove that the line so marked was a divisional line.   Such use of the evidence would plainly tend to prejudice the objecting party and to render the trial unfair.

*Exception sustained: verdict set aside: new trial granted.*

All concurred.