Aug. 10,
1876. PERLEY *v.* MARSHALL.

*Flowage—Immaterial evidence.*

The defendants introduced evidence that raising water to the height only which the plaintiff claimed they had a right to raise it, afforded an insufficient power for their (the defendants') mill. *Held* immaterial; that the question was not what power it would afford, but whether the defendants had a right to flow to the height claimed by them.

A verdict will not be set aside because of the introduction of immaterial evidence, unless the court can see that it tended to prejudice the case with the jury.

FROM BELKNAP CIRCUIT COURT.

CASE, for flowage of the plaintiff's land by a certain dam maintained by the defendants at the outlet of Wickwas pond in Meredith. Plea, the general issue. Trial before RAND, J., and a jury. A controversy arose as to certain drill-holes on a stone called the Lawrence stone, and which holes one Smith M. Lawrence testified that he made many years ago, to indicate the high-water mark of a former owner of the dam.

Mr. Marshall, one of the defendants, was permitted to testify, subject to the plaintiff's exception, in answer to the following question :

" When the water is three feet upon the apron of the upper dam, what kind of a power does it furnish for the operation of your mill ? "

Ans.  " It would supply but a very limited power for our business."

There was evidence tending to show that when the water was at the said drill-holes, there would be three feet of water on the apron of the upper dam.  The testimony of Marshall was introduced as tending to contradict the testimony of Lawrence.  Some fifty or seventy-five rods below the dam, at the outlet of Wickwas pond, there was another dam and pond which supplied the defendants' mill.  The plaintiff claimed that Wickwas pond was a reservoir pond.  There was a gate at the outlet of the pond.

The verdict was for the defendants, and the case was transferred upon the foregoing exceptions.

*Hibbard* and *Pike & Blodgett,* for the plaintiff.

*Whipple* and *Jewell & Smith,* for the defendants.

SMITH, J.  Lawrence's testimony as to the drill-holes in the Lawrence stone was introduced to show the height to which the defendants' had the right to raise the water by means of their dam.  The defendants' position was, that it would have some tendency to contradict Lawrence if they could be permitted to show that water, raised to the height only which the plaintiff claimed they had a right to raise it, would afford an inadequate supply for their mill; but the fact that water raised to the height of three feet upon the apron of the upper dam afforded but a very limited power for the defendants' business, was, in itself, unimportant. It was immaterial how much or how little power the defendants had, provided they did not raise the water higher than they had a right to raise it.  If, then, the testimony objected to tended to contradict Lawrence, it was admissible. But if it had no such tendency, or did not otherwise tend to establish the height to which the defendants could flow, it can only be regarded as immaterial.

It is not claimed that the admission of the evidence tended to prejudice the jury against the plaintiff; and so far as I can see it could not have had that effect.  The defendants, therefore, are entitled to judgment on the verdict.

CUSHING, C. J.  I am not sure that I understand what question is intended to be raised here.  In so far as I do, I fully agree with my brother SMITH.

LADD, J., concurred.

*Exceptions overruled.*