## JOHN J. COKER *vs.* GEORGE ROPES.

Essex     November 18. — 29, 1878.     COLT & MORTON, JJ., absent.

It is no ground of objection to the report of an auditor, that, for the purpose of determining the issues submitted to him, he construes a contract, the construction of which is involved in such determination.

It is within the discretion of a judge to exclude a general question put to a witness, which calls for a mere repetition of his previous testimony.

A refusal to give an instruction requested, based on facts not appearing in the bill of exceptions, affords no ground of exception.

An agent, who enters into a written agreement with his principal, by which he engages to execute the orders of the latter "to the best of his ability," is bound to carry out such orders according to the terms of his engagement, and is deprived of all discretion as to their execution, or any right to call in question their prudence, provided they are explicit and intelligible, and he is furnished by his principal with the necessary means.

CONTRACT to recover one year's salary at $2000, upon an agreement under seal, by the terms of which the plaintiff was to act as the agent of the defendant at port or ports to the eastward of the Cape of Good Hope, in the Zanzibar trade. The agreement contained the following clauses : " Said Coker will to the best of his ability execute such orders as he may receive from said Ropes in the pursuance of said Zanzibar trade." " This agreement is to continue in force for one year from December 2, 1874, and thereafter until a reasonable and proper notice is given to the other of a desire to terminate this agreement. It is also agreed by said Ropes to pay to said Coker, during the continuance of this agreement, a salary at the rate of $2000 per annum for the time said Coker is employed," in monthly instalments, to commence December 2, 1874.

The answer admitted the making of the agreement, but alleged that the plaintiff had not executed the orders received from the defendant, and had not faithfully performed his contract ; and that damage was thereby caused to the defendant.

The case was referred to an auditor " to state the accounts between the parties, and to make report thereof to the court." The auditor's report stated that the plaintiff was employed in the defendant's service for nine months, when he was discharged by the defendant ; that, while so employed, he received from the defendant full and minute instructions in writing as to the conduct of the business, which he disobeyed ; " that the plaintiff, by his neglect and disobedience of instructions and failure to execute orders as given, forfeited his right to a continuance of the contract and to a recovery for the full amount of the salary as claimed by him ; " that, for the time he was in the defendant's service, he had been paid, according to the terms of the contract, all but the sum of $120.29 ; that the defendant had sustained losses, by the neglect and refusal of the plaintiff to obey orders, to a greater amount than this sum ; that " the defendant is entitled to recoup the same in this action to the amount of the balance remaining unpaid upon the plaintiff's claim in this action, and that there is nothing due from the defendant to the plaintiff."

In the Superior Court the plaintiff objected to the auditor's report upon the following grounds : " 1. That the auditor, i

addition to stating the accounts between the parties, had also passed upon the legal rights of the plaintiff under his contract, to wit, that he has forfeited his right to a continuance of the same and to a recovery of a full amount of salary as claimed by him. 2. That the auditor passed upon the legal construction of the contract, in limiting the time stated therein that the plaintiff was in the defendant's service. 3. That the auditor finds that the defendant is entitled to recoup in this action, which is purely a question of law. 4. That the report is in substance, aside from the statement of the accounts, a legal conclusion upon the summary of the facts found by the auditor." The plaintiff also moved the court to reject the parts of the report referred to, as not being competent evidence for the jury, on the ground that the auditor had exceeded his authority in passing upon the same. But *Brigham*, C. J., overruled the motion, and ruled that the auditor had not exceeded his authority in passing upon the matters objected to, under the rule of reference.

The plaintiff testified that he arrived at Zanzibar about January 9, 1875 ; that before leaving this country, and on his way to Zanzibar, he received instructions from the defendant ; that he received an order to purchase one hundred bales of cloves, but could not fill the same except by purchasing more than the order called for ; that in reference to a shipment of ivory, he was unable to obtain the quantity of the quality needed and called for by the instructions ; that he drew letters of credit upon Baring Brothers, (which, by the instructions, he was to do only in the event of his not being able to borrow money of a certain banker at nine per cent.,) and shipped a cargo of produce to meet the same ; and that, at the time of drawing said letters of credit, he was unable to borrow as directed ; that he followed his instructions implicitly, so far as was practicable, under the circumstances. He also testified as to all of his orders from the defendant, the mode of his execution of them in detail, and explained the reason of his conduct in these matters. His counsel then proposed to ask him the following question : "Did you execute the orders of the defendant to the best of your ability ? " The judge refused to allow this question to be put, on the ground that it called for the opinion of the witness upon matters of which he had been permitted to testify fully.

The defendant put in evidence tending to contradict the plaintiff's evidence as to the reasons given by him for violating the instructions; and testified that he had lost, by reason of the plaintiff's neglect to obey the instructions, more than the amount which the plaintiff claimed to be due under the contract; that, after the plaintiff had drawn upon the letters of credit, he sent to Aden and purchased drafts on London some four months prior to the time when the letters of credit became due, for the purpose of obtaining funds with which to pay the letters of credit, which purchase of drafts cost him over one thousand dollars. On cross-examination, he testified that he did not use the identical drafts purchased at Aden to pay the credit on Baring Brothers, but used the same in the ordinary course of his business, and out of his business afterwards paid the letters of credit when they became due.

The plaintiff requested the judge to rule " that the language of the contract, that the plaintiff ' will to the best of his ability execute such orders as he may receive from ' the defendant, refers to his mental ability and not physical ability, and is synonymous with the expression that the plaintiff ' will to the best of his understanding execute ; ' that if there is any doubt or uncertainty as to the exact sense in which the word ability is used in the contract, then it is a question for the jury to pass upon ; that if the plaintiff merely erred in judgment, or if, acting in good faith in the performance of his duties, he committed a mistake in carrying out the directions of the defendant, it would be no bar to his recovering the amount sued for ; that to entitle the defendant to recoup in damages, it must be proved that the plaintiff either negligently, carelessly or wilfully disobeyed the instructions given him by the defendant ; that if any act of the defendant in the management of his business in connection with his agency at Zanzibar in any manner contributed towards occasioning the loss for which he seeks to recoup in damages, he cannot recoup in this action."

But the judge declined so to rule ; and instructed the jury " that the plaintiff was, to the best of his ability, to execute the orders which he received from the defendant, and this required the plaintiff to do all that he was able to do, or that it was possible or practicable for him to do, to execute the defendant's

orders, and deprived him of all discretion as to the execution of these orders, or any right to call in question the prudence of these orders, or any right to know the facts or motives which induced the defendant to give such orders, provided these orders were explicit and intelligible, and the defendant furnished him the means necessary to execute these orders; that the plaintiff's only excuse for not executing the orders received by him must have been the impossibility of executing them by him with the means furnished him by the defendant, or the fact that the orders, considering them according to the ordinary import of the language in which they were expressed, were not explicit, or were equivocal; and that the orders were difficult of execution would not excuse the plaintiff, unless that difficulty was such as to cause their execution to be to him, and in the circumstances 'n which he was placed, practically impossible, or such as he was not able to execute."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. Sewall*, for the plaintiff.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the defendant, submitted the case without argument.

GRAY, C. J. The ruling as to the effect of the auditor's report conformed to the well settled law. An auditor, for the purpose of passing upon the matter referred to him, must necessarily construe any contract the construction of which is involved in such determination; his views of the law being, of course, subject to revision by the court, and his findings of fact to revision by the jury. *Peru Co.* v. *Whipple Manuf. Co.* 109 Mass. 464. *Holmes* v. *Hunt*, 122 Mass. 505.

It was within the discretion of the presiding judge to exclude the general question put to the plaintiff by his counsel, as asking for a mere repetition of his previous testimony.

There were no facts in the case to call for the last instruction requested; and the instructions given were correct and sufficient, and in accordance with the cases on which the plaintiff relied at the argument. *Forrestier* v. *Bordman*, 1 Story, 43. *Greenleaf* v. *Moody*, 13 Allen, 363.     *Exceptions overruled.*