## ELIZABETH M. O'NEIL vs. SIEGFRIED WOLFFSOHN.

Suffolk.   March 11. — April 1, 1884.   DEVENS & COLBURN, JJ., absent.

No exception lies to the refusal to give an instruction based on facts not appearing in the bill of exceptions.

The statement, in a certificate filed by a married woman, of her intention to do business as "a retail liquor dealer and saloon keeper" at a place named, is a sufficient description of her business to protect the property employed therein from attachment for her husband's debts, although she does to some extent a wholesale as well as a retail liquor business.

TORT for the conversion of one barrel of whiskey, attached by the defendant, a constable, as the property of one Thomas O'Neil, the plaintiff's husband.   Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows :

It appeared in evidence that the plaintiff bought the stock and fixtures in the store 168 Kneeland Street, Boston, on February 6, 1882, with money which she had before her marriage, and on her own account.   On November 1, 1882, she bought the barrel of whiskey in question from R. H. Higgins and Company, of Louisville, Kentucky, which she paid for by her personal drafts, said barrel of whiskey being shipped to her on that date from Louisville.   On December 28, 1882, she filed a certificate as a married woman in the usual form, setting forth that she proposed to do business as a retail liquor dealer and saloon keeper at 168 Kneeland Street, Boston.   She conducted said business at said place in her own name, and on her own account, and was so conducting the business on February 28, 1883, the day on which the defendant attached the barrel of whiskey, and removed the same from said store upon a writ against the plaintiff's husband.

The defendant asked the judge to instruct the jury, that, "if the certificate filed by the plaintiff set forth her business as that of ' a retail liquor dealer and saloon keeper,' and if the jury should find that the business actually carried on by her was the sale of liquor, by wholesale as well as at retail, at the place described in the certificate filed by the plaintiff, that certificate would be insufficient, in law, to protect her property in that business from attachment as the property of her husband."   The

judge declined to instruct the jury as requested; and instructed them, that, " if the plaintiff was doing to some extent a wholesale as well as a retail liquor business at the place described in her certificate, but her certificate described with substantial accuracy that business as she conducted it, her certificate would protect her property, used to carry on the business, from attachment for the debts of her husband."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. E. Wetherbee*, for the defendant.

*J. H. Burke*, for the plaintiff.

C. ALLEN, J. The only exception insisted on in argument is in respect to the sufficiency of the description of the plaintiff's business in her certificate. No facts are set forth in the bill of exceptions to show in what manner her business was conducted; and no exception lies to the refusal of the court to give the instruction asked for, because it does not appear that there were any facts in evidence to call for it. This has often been adjudged. *Wells* v. *Prince*, 15 Gray, 562. *Stearns* v. *Janes*, 12 Allen, 582. *Coker* v. *Ropes*, 125 Mass. 577. *Salomon* v. *Hathaway*, 126 Mass. 482. *Commonwealth* v. *Sargent*, 129 Mass. 115, 123. All that is properly before us is whether the instruction actually given was correct, as an abstract proposition. The purpose of the statute providing for the filing of a certificate is to allow a married woman to do business in her own name without the risk of having her property taken for her husband's debts, and without his being liable upon contracts made by her in the prosecution of the business. The sufficiency of the description of the nature of the business is to be determined with reference to this twofold purpose. Under the instruction given, the jury must have found that the phrase " a retail liquor dealer and saloon keeper " described with substantial accuracy her business as she conducted it. The fact that she was doing to some extent a wholesale as well as a retail liquor business would not, under these circumstances, be likely to mislead her husband's creditors, and did not expose her property employed in the business to seizure for his debts. *Exceptions overruled.*