WOODMAN & a. v. NORTHWOOD.

A written objection, under P. S., c. 68, s. 10, to the county commissioners' award of land damages from the laying out of a highway is not invalidated by being made in the form of a petition, and entered by mistake as a separate action.

Evidence that a person helped to build a cart-path on another's land and sometimes used it is insufficient to establish his right to use it, as bearing on the landowner's damages from the laying out of a highway over it.

In estimating damages for land taken for a highway, the increased value of the rest of the owner's land, on account of the better access to it given by the highway, is not to be considered.

The court may properly refuse to caution the jury against a particular illegal method of reaching a verdict, if there is nothing to show that the caution is needed.

ASSESSMENT, by a jury, of Daniel S. and Abigail B. Edgerly's damages for laying out a highway across their land. The plaintiffs' petition for a highway in Northwood was referred to the county commissioners. Northwood presented a petition to them praying that a part of the expense of the highway might be borne by Deerfield; and the latter town was duly notified of this petition, and of the hearing upon the original petition. The commissioners, at the April term, 1892, made a report laying out the highway, assessing the landowner's damages, and ordering a portion of the expense to be borne by Deerfield. Judgment was ordered upon the report, and the case went off the docket. There was no appearance for Deerfield before the commissioners or in court. At the same term, Daniel S. and Abigail B. Edgerly filed a petition praying that their damages might be assessed by a jury, which was entered as a separate action, and was continued to the Octo-

ber term, 1892, at which term, upon motion of the Edgerlys, and after reasonable notice to Northwood and Deerfield and an appearance by each, it was ordered that the original action be brought forward; that the judgment thereon be vacated; that judgment be entered, as of the last April term, in accordance with the commissioners' report, excepting the assessment of the Edgerlys' damages; and that their petition be consolidated with the action brought forward, and be treated as an objection in writing to the commissioners' assessment. Northwood and Deerfield excepted to these orders. The Edgerlys' damages were thereupon assessed by a jury.

Upon the trial, it appeared that the highway was laid out from the turnpike in a southerly direction over the Edgerly land, and passed through a growth of wood and timber at the southerly end of their land. There was formerly a cart-path leading from a point near the southerly end of their land to the line between their pasture and field, and thence diagonally across the field to a point on the turnpike near the barn, and different from that where the new highway starts. The highway was laid out over the cart-path a part of the distance south of the field. A son of the Edgerlys, called as a witness by them, testified on cross-examination that one Taylor, who owned land situated southerly of their land, assisted in making the cart-path a number of years ago, and used it somewhat subsequently in hauling logs, and, on re-direct examination, that he knew of no right that Taylor had to go through there. There was no other evidence tending to show that Taylor or any other person had any right in the cart-path. It was not claimed that the evidence tended to show a prescriptive right. The defendants claimed that the Edgerlys received a special benefit from the highway, because it took the place of the cart-path and relieved their land from any right that Taylor had to pass over it. In the course of the instructions to the jury the presiding justice stated that he did not recall any evidence showing that any one had a right to pass in the cart-path over the Edgerly land except the owners; to which the defendants excepted.

The defendants asked the court to instruct the jury that if they found that the opening of the new road through the Edgerly land increased the value of the wood and timber on their land, this was a matter of special benefit to them to be considered in assessing damages. The court declined to give the instruction, and they excepted.

They also asked the court to instruct the jury that in fixing the amount of damages they could not agree each one should mark the amount he estimated to be the damages, and that the total of such amounts should be added together and their sum divided by twelve, and that the quotient should be the amount of the verdict. The court did not give this instruction, but

instructed the jury that they could decide how they would conduct their deliberations; that they might not be of the same opinion when they first went out, and if so, that they should confer together and harmonize their views, if possible, and agree upon some sum to which the landowners are entitled as compensation for the damages caused by the laying out of the highway. The defendants excepted because the instruction requested was not given.

The jury returned an assessment, which the defendants moved to have set aside for errors in the foregoing rulings.

*Burnham, Brown & Warren* and *John S. H. Frink*, for the Edgerlys.

*Calvin Page*, for Northwood.

*Edwin G. Eastman*, for Deerfield.

BLODGETT, J.   (1) The exception to the orders made at the trial term has no merit, and is overruled.

(2) The exception to the statement of the presiding justice to the jury, " that he did not recall any evidence showing that any one had a right to pass over the Edgerly land except the owners," is also overruled. If there was any such evidence, the case fails to disclose it.

(3) The instruction requested as to the special benefit to the plaintiffs from the opening of the new road through their land was properly denied. *Carpenter* v. *Landaff*, 42 N. H. 218; *Sawyer* v. *Keene*, 47 N. H. 173, 179; *Adden* v. *Railroad*, 55 N. H. 413, 414, 417.

(4) The instruction requested as to the mode of assessing damages was correct, as an abstract legal proposition. Jurors cannot determine their verdict by chance. But while the law does not tolerate gambling verdicts, it also presumes that jurors will not return such verdicts, and hence every verdict is presumed to be right and just unless the contrary appears. In the total absence of evidence to rebut this presumption there was therefore no occasion to give the requested instruction and especially in view of the fact that it might well be regarded as an implied imputation upon the intelligence and integrity of the jury. And even if the instruction contained no such imputation, no ground for disturbing the verdict would be presented, because a judge is not bound to instruct the jury upon an abstract proposition; and before he can be required to give particular instructions, there must be evidence, relative and pertinent, on which to found them. *Goodrich* v. *Railroad*, 38 N. H. 390; *Stearns* v. *Janes*, 12 Allen 582; *Coker* v. *Ropes*, 125 Mass. 577.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.