Hillsborough, }
  Oct. 3, 1916. }

## MARTIN KUBA v. DEVONSHIRE MILLS.

A verdict is not set aside for an error which the course of the trial renders immaterial or which is against the prevailing party.

A judge is not bound to instruct the jury upon an abstract proposition; and before he can be required to give particular instructions, there must be relevant evidence on which to found them.

CASE, under c. 163, Laws of 1911, to recover for injuries received by the plaintiff while in the defendants' employ. Trial by jury. The defendants pleaded the general issue with a brief statement setting up a release under seal given in consideration of the payment of $175. The jury were instructed that they should pass upon the validity of the release before considering the defendants' liability for the plaintiff's injury. They found the release was obtained by defendants' fraud and deceit but returned a general verdict for the defendants. The jury were instructed that a release, however obtained, could not be avoided unless damage resulted therefrom, the application being stated in the following language: "So in this case, if you should conclude that the money paid to the plaintiff was fair and just compensation, it is an end of the whole matter." There were no exceptions to the refusal to give requested instructions, but after the charge the plaintiff filed the following exceptions which were allowed: "(1) The plaintiff excepts to the court's instructions which permit the jury to find that $175 was fair compensation; (2) The plaintiff excepts to the instructions that the plaintiff must have been injured in the performance of orders given by his foreman, without explaining to the jury that owing to his lack of intelligence, or to his inability to understand the English language, he still might recover if he was in the performance of orders that he understood called on him to do the work he was doing, with-

out having been adequately explained to him by his foreman, and which the foreman ought reasonably to have explained to him."

Transferred from the January term, 1916, of the superior court by *Sawyer*, J.

*Taggart, Burroughs, Wyman & McLane* and *Charles E. Hammond* (*Mr. Wyman* orally), for the plaintiff.
The jury should have been instructed as to the plaintiff's comprehension of the foreman's orders. *Boyce* v. *Johnson*, 72 N. H. 41; *Smith* v. *Company*, 77 N. H. 391.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendants.
The exception was taken too late, in the absence of a request for a more definite instruction: *Moore* v. *Ross*, 11 N. H. 547, 557; *Parkinson* v. *Railway*, 71 N. H. 28, 31.

PARSONS, C. J.   The jury having found that the defendants were not liable, it is immaterial whether the issue as to fraud in obtaining the release, which was separately determined, was or was not correctly tried.   The instructions to which the first exception is taken were upon this issue of fraud on which the jury found for the plaintiff.   A verdict is not set aside for an error which the course of the trial renders immaterial or which is against the prevailing party. *Parkinson* v. *Railroad*, 61 N. H. 416, 417; *Kingsley* v. *Holbrook*, 45 N. H. 313, 323; *Graves* v. *Graves*, 45 N. H. 323.   If the defendants were not liable at all, it is immaterial whether the reference to the $175 as full compensation for the injury was or not improper, because, having found there was no liability, the jury had no occasion to consider the question of damages.   *Woodbury* v. *Whiting*, 68 N. H. 607; *Wier* v. *Allen*, 51 N. H. 177, 180.

The second exception is overruled because there was no evidence in the case upon which to found the issue which it is claimed should have been submitted in qualification of the general rule upon which the case was made to turn.   The plaintiff worked in the picker room. There was an accident to a belt which was taken away to be repaired. He testified the foreman or "picker boss" told him to clean up everything while waiting for the repair to be made and that while carrying out the order to clean he was injured.   The defendants' evidence was that the plaintiff was not told to do anything.   The issue raised by this evidence was clearly presented to the jury.   They were

told that to find a verdict for the plaintiff they must be convinced he was injured while performing some service required of him by the defendants. If the jury believed the plaintiff they could find for him on these instructions. There is no claim in the evidence of any misunderstanding of an order given by the foreman. Upon the plaintiff's testimony the order was clear and distinct, understandable and understood. According to the foreman no order was given. Whether the plaintiff could recover because of lack of adequate explanation by the foreman in giving an order is, on the evidence, an abstract question of law which has no application to the case. The plaintiff having put his case upon an express order to do what he was doing, must stand or fall on the direct issue made by the defendants' denial. "A judge is not bound to instruct the jury upon an abstract proposition; and before he can be required to give particular instructions, there must be evidence, relevant, and pertinent, on which to found them." *Osgood* v. *Maxwell, ante* 35, 38; *Lockwood* v. *Express Co.,* 76 N. H. 530; *Hersey* v. *Hutchins,* 70 N. H. 130; *Woodman* v. *Northwood,* 67 N. H. 307, 309. A requested instruction is properly denied, if the case does not show there was evidence to which the proposed instruction could apply. *Challis* v. *Lake,* 71 N. H. 90, 95. With greater reason, a verdict cannot be disturbed because the judge in the absence of any request for special instructions failed to submit to the jury an issue not raised by the evidence.

*Exceptions overruled.*

All concurred.