Rockingham, }
Feb. 4, 1919. }

### VERNON A. RACE *v.* GRAVES & RAMSDELL CO.

In an action for personal injuries inflicted with a gun by an agent of the defendant in its shooting gallery, the fact appearing that the agent ceased to work there on a date shortly after the injury, the evidence that on the day when he quit work the defendant closed the gallery because the business therein conducted was not covered by its accident insurance is relevant to rebut the contention that the agent was discharged because of his carelessness in handling the gun.

A requested instruction is properly denied if it would submit to the jury an issue upon which no verdict could properly be found in favor of the party requesting the instruction.

ACTION, for negligence causing personal injury. Trial by jury and verdict for defendant. Since the trial the plaintiff has died. The action is now prosecuted by his administrator. At the time of his injury, July 13, 1917, he was about fourteen years old and was employed by the defendant to work at its summer hotel at Hampton Beach. In connection with the hotel the defendant conducted some amusement enterprises, including bowling alleys and a shooting gallery. While in the shooting gallery, the boy was shot by the defendant's agent in charge of it. At the request of the

agent the boy was at the time cleaning a gun. In direct examination one of the defendant's officers was allowed to testify that the shooting gallery was closed July 21, when they found the work was not covered by insurance. To this the plaintiff excepted. Other facts appear in the opinion.

The plaintiff requested the court to give the following instruction: "That the jury be instructed it is for them to say whether the decedent was acting within the scope of his employment at the time he was shot and from the time he entered the shooting gallery." The request was denied and the plaintiff excepted. Transferred by *Allen*, J., from the January term, 1918, of the superior court.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiff.

*Scammon & Gardner* (*Mr. Frank A. Batchelder* orally), for the defendant.

WALKER, J. The plaintiff's exception to evidence that the shooting gallery was closed July 21, when the defendant found that "the work was not covered by insurance," cannot be sustained. The plaintiff's evidence showed that Martin, the man in charge of the gallery, who discharged the gun which caused the plaintiff's injuries, ceased to work there on July 21, eight days after the accident occurred. This fact alone might afford some ground for the argument that he was discharged in consequence of his carelessness in handling the gun. To meet this argument it was legitimate for the defendant to show that the gallery was closed on that day, because it was discovered that its insurance policy against liability for accidents did not cover the business carried on in the shooting gallery.

Although the requested instruction is merely a brief statement of an abstract proposition of law, which is not specifically applied to the evidence in the case, and although it might be held for that reason that the refusal of the court to give it was justified (*Kuba* v. *Devonshire Mills*, 78 N. H. 245, 247; *Woodman* v. *Northwood*, 67 N. H. 307; *Ordway* v. *Sanders*, 58 N. H. 132), an examination of the evidence reported shows that a finding that the boy was employed by the defendant to work in the shooting gallery could not be sustained. It does not appear that he had worked in that place before the accident, that he had ever before cleaned the guns used in the gallery, or that the man in charge of that building was authorized by the defendant to employ him in work of that character. Moreover the boy testified that he was

not employed to work there. That he was not working within the scope of his employment when he was shot seems to be clear; hence the law of master and servant has no application.

*Exceptions overruled: judgment on the verdict.*

PLUMMER, J., was absent: the others concurred.