Hillsborough, }
March 1, 1921. }

## WODJIECK TWAROG v. AMOSKEAG MANUFACTURING COMPANY.

A bill of exceptions to the admission or exclusion of evidence will not be considered by the supreme court unless the evidence is made a part of the bill.

A verdict is not set aside for an error which the course of the trial renders immaterial.

ACTION, at common law, for negligently causing personal injuries to an employee. Trial by jury, and verdict for the defendants. The plaintiff filed a motion "to set aside the verdict and for a new trial on the ground that the verdict is against the law and the evidence because the jury was misled by errors in instruction and evidence admitted and excluded in the trial." The motion was denied and the plaintiff then filed the following bill of exceptions, which was allowed at the January term, 1920, of the superior court by *Allen*, J.: "The plaintiff excepts to the denial of motion to set aside the verdict."

*James E. Banigan* and *Osgood & Osgood*, for the plaintiff.

*Warren, Howe & Wilson* and *Louis A. Thorp*, for the defendants.

PLUMMER, J. As the plaintiff's bill of exceptions is understood, he seeks to have the verdict set aside by reason of errors in the court's instructions and in the admission and exclusion of evidence. None of the evidence has been stated in the bill of exceptions; therefore, if any exceptions were taken to the admission or exclusion of evidence, they are not before us.

An examination of the record discloses that an exception was taken by the plaintiff to an instruction of the court, which related solely to damages. The jury, having found that the defendants were not liable, "had no occasion to consider the question of damages." Therefore, if the court's instruction in reference to damages was incorrect, it was immaterial. *Kuba* v. *Devonshire Mills*, 78 N. H. 245; *Woodbury* v. *Whiting*, 68 N. H. 607; *Wier* v. *Allen*, 51 N. H. 177, 180. Consequently there is no reason to consider whether the instruction, to which exception was taken, was erroneous. "A verdict is not set aside for an error which the course of the trial renders immaterial." *Kuba* v. *Devonshire Mills, supra; Beckley* v. *Alexander*, 77 N. H. 255, 257.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.