Strafford,
April 7, 1925.

## GUSTAVE L. SMALL & a. v. MYER SAUNDERS & a.

A general verdict for the plaintiff in an action for damages caused by the refusal of the defendant to accept and pay for goods sold by the plaintiff to the defendant, after part delivery and payment, the defendant claiming the right to rescind the contract on account of the defective quality of the goods delivered, necessarily involves a finding that the defendant was not materially damaged by reason of such defective quality, and renders unnecessary the consideration of defendant's exception to the refusal of the court to submit to the jury the question raised by his plea in recoupment for damages because of the defective quality of the goods delivered and paid for.

ASSUMPSIT. The defendants pleaded the general issue and a special plea intended to be of recoupment. The plaintiffs sought recovery for breach of a contract for them to sell and the defendants to buy twenty carloads of potatoes, of which the defendants, after receiving twelve, refused to accept the rest. A payment in advance at the rate of $150 per car had been made and the plaintiffs gave credit for $1200 in their claim of damage. The defendants claimed a right of rescission by reason of defects in the twelve carloads they took. Trial by jury and verdict for plaintiffs. A request to instruct the jury to assess the defendants' damages in full was denied and they excepted.

Transferred by *Marble*, J.

*Winfield S. Brown* (of Maine) and *Everett J. Galloway* (*Mr. Galloway* orally), for the plaintiffs.

*George T. Hughes* and *Frank E. Blackburn* (*Mr. Hughes* orally), for the defendants.

ALLEN, J. The plaintiffs' claim that the request for instructions was granted by the court's statement to counsel of a purpose to submit specially to the jury the question of the defendants' damages under their special plea in case a general verdict for the defendants were returned, and a statement to the jury that after they returned a verdict under the instructions given them, he might "conclude to submit a special question" to them is not tenable. No ruling was made and the requested instruction was not given. Statement of

a purpose to make a ruling in a certain way before the time for it comes is not a ruling. *Beaudette &c. Co.* v. *Therrien, ante,* 117. The request was formally denied when made, and seasonable exception was taken.

The plea in recoupment contained no demand for judgment for any balance found due under it. Whether it was thereby insufficient need not be determined. If regarded as sufficient, thereby entitling the defendants to the requested instruction, the exception to the refusal of the instruction, while in that event well taken, became immaterial by the subsequent course of the trial and the verdict in the plaintiffs' favor.

The principal contention between the parties was whether the defendants rightfully or wrongfully refused to take the balance of the potatoes. If rightfully, they were entitled to a verdict. If wrongfully, the plaintiffs were thus entitled, provided their damages were in excess of the credit and other allowances. As they were entitled to a verdict under the instructions only if the defendants were at fault for their refusal to take the balance of the order, the verdict in their favor determined adversely to defendants their claim for damages for a material breach of the contract by the plaintiffs. While recoupment was not submitted to the jury, the right of rescission was, and the outcome disposed of the right of recoupment, since it depended on the right of rescission. There being no right of rescission, there was no material breach by the plaintiffs and hence no damages therefrom to be considered.

The error, if there was one, therefore became immaterial and the exception, if well taken, became ineffective. There has been a fair trial, and the defendants by force of the verdict have been deprived of no rights. "A verdict is not set aside for an error which the course of the trial renders immaterial." *Kuba* v. *Devonshire Mills,* 78 N. H. 245. See also *Kingsley* v. *Holbrook,* 45 N. H. 313; *Graves* v. *Graves,* 45 N. H. 323; *Wier* v. *Allen,* 51 N. H. 177; *Parkinson* v. *Railroad,* 61 N. H. 416; *Woodbury* v. *Whiting,* 68 N. H. 607; *Twarog* v. *Company,* 80 N. H. 89.

The claim that the credit which the plaintiffs admitted should be applied towards their damages was not embodied in the verdict is not sustained. The evidence only tends to prove the contrary. The plaintiffs' estimate of damages as presented in evidence allowed for it, the court instructed the jury to bear it in mind, and the verdict was substantially less than the amount of the plaintiffs' estimate after deducting the credit. The court's failure to submit the ques-

tion of recoupment has no probative value in showing that the credit was disallowed.

*Exception overruled.*

MARBLE, J., did not sit: the others· concurred.