Merrimack,　}
June 23, 1927. }

CHESTER D. HATCH *v.* GEORGE E. HILLSGROVE.

92

*Nathaniel E. Martin* and *Alfred W. Levensaler*, for the plaintiff.

*Robert W. Upton* (by brief and orally), for the defendant.

SNOW, J. The defendant's position, in support of his exception to the denial of his motion to dismiss, is in substance, (1) that the court was without equitable jurisdiction because it does not affirmatively appear on the record that the plaintiff did not have a plain and effective remedy at law; and that, therefore, the defendant is entitled by constitutional right to the trial of the plaintiff's title by a jury, and (2) that the plaintiff failed to make out a case for equitable relief on the facts reported.

1. By the terms of P. L., c. 317, the superior court has the powers of a court of equity, *inter alia*, in "cases in which there is not a plain, adequate and complete remedy at law" (*s.* 1), and "may hear and determine such cases according to the course of equity, and may grant writs of injunction whenever the same are necessary to prevent . . . injustice." (*s.* 2). These powers, as a part of the general equity jurisdiction of the court, antedate legislative sanction (*Manchester Dairy System, Inc.* v. *Hayward,* 82 N. H. 193, 198), and are restricted "within no narrower limits than those prescribed by the

statute." *Wason* v. *Sanborn*, 45 N. H. 169, 171. See *Parker* v. *Barker*, 42 N. H. 78, 93; *Winnipissiogee Lake Company* v. *Worster*, 29 N. H. 433, 445, 446, 447; *Norway Plains Co.* v. *Bradley*, 52 N. H. 86, 111. "No jurisdiction can be more ample and unqualified than that of this court in cases of injunction." *Wason* v. *Sanborn, supra.*

In cases where the cognizance of the court depends upon the inadequacy of the plaintiff's remedy at law, it may be conceded that the favorable determination of that issue is jurisdictional (*Newcastle* v. *Haywood*, 67 N. H. 178, 179; *Perkins* v. *Foye*, 60 N. H. 496, 497), but the forum for its determination is necessarily the court whose powers are invoked. 14 R. C. L., Inj., s. 43. This issue, upon demurrer, would ordinarily be determined upon a consideration of the facts alleged in the plaintiff's bill (*Coe* v. *Company*, 37 N. H. 254, 263, 264; *Boston & Maine Railroad* v. *Railroad*, 57 N. H. 200, 202), or upon the facts alleged in the bill and answer, as the case may be. *Rogers* v. *Mitchell*, 41 N. H. 154, 157; *Mt. Washington &c. Co.* v. *Marsh*, 63 N. H. 230, 231; *Upton* v. *Haines*, 55 N. H. 283, 286. Whether there was a demurrer or an answer does not appear. The case proceeded to proof without objection by either party. The trial was, therefore, as upon a general replication to an answer or as upon the general issue in an action at law (*Hutchinson* v. *Railway*, 73 N. H. 271, 283; *Flannagan* v. *Shevenell*, 82 N. H. 403), and the facts proved in place of the facts alleged afforded the basis for the court's conclusions. *Dudley* v. *Eastman*, 70 N. H. 418. Certain facts deemed material have been found and a decree entered for the plaintiff. The evidence is not transferred. A general verdict or finding implies a finding of all the special facts necessary to sustain it, unless it appears from the special findings that such is not the case. *Spaulding* v. *Mayo*, 81 N. H. 85, 86. No finding inconsistent with the verdict has been pointed out, and none has been discovered. *McGinley* v. *Railroad*, 79 N. H. 320, 321. It therefore follows that a finding that the plaintiff had no adequate remedy at law is to be implied from the decree. However, this jurisdictional fact does not rest alone upon such implication, since, as will be seen later, it is supported by the special findings reported.

The court having equitable jurisdiction, the defendant had no constitutional right of trial by jury of the issue of the plaintiff's title. *Bellows* v. *Bellows*, 58 N. H. 60; *State* v. *Saunders*, 66 N. H. 39, 87; *Curtice* v. *Dixon*, 73 N. H. 393, 394; 1 Whitehouse, Eq. Pr., s. 29. Any claim that the defendant may have had to have the title tried by a jury upon issues framed (P. L., c. 339, s. 23; *Evans* v. *Evans*, 78 N. H.

352, 353) was waived by proceeding without motion or objection to the trial of the case on its merits by the court. To hold otherwise would be to accord the defendant the advantage of a possibly favorable determination of the issue of fact by the presiding justice, and, failing thereof, to preserve to him an opportunity for a retrial by jury.

2. It does not follow from the fact that the court has jurisdiction to grant the plaintiff relief because of the inadequacy of his remedy at law that it will exercise its extraordinary powers. *Bassett* v. *Company*, 47 N. H. 426, 437, 438; *State* v. *Company*, 72 N. H. 114, 123; 14 R. C. L., Inj., s. 43. The defendant's exception, therefore, raises the further question whether, on the record, the relief prayed for should have been denied as a matter of law.

The practice, as well as the competence, of a court of equity to grant injunctive relief, in cases of interference with easements, has been definitely recognized here. "Where an easement or servitude is annexed by grant, or covenant, or otherwise, to a private estate, the due and quiet enjoyment of it will be protected against encroachment, by injunction." *Webber* v. *Gage*, 39 N. H. 182, 187; *Douglass* v. *Company*, 76 N. H. 254; *McCleary* v. *Lourie*, 80 N. H. 389. See *White* v. *Company*, 68 N. H. 38, 43. Other cases in which restraining orders have been sought because of the infringement of alleged private rights of way are *Bean* v. *Coleman*, 44 N. H. 539; *Morgan* v. *Palmer*, 48 N. H. 336; *Fisher* v. *Carpenter*, 67 N. H. 569, and *Williams* v. *Mathewson*, 73 N. H. 242, in none of which was the power of the court questioned either for want of jurisdiction of the subject-matter, or for competency to grant injunctive relief if justice had required. Such is the holding in the majority of the states. 47 A. L. R., 557, *note;* 5 Pomeroy, Eq. Juris., *ss.* 1957, 1961.

While a court of equity will not ordinarily exercise jurisdiction to settle a legal right on which equitable relief depends and which a party can as well establish in a suit at law, there are well recognized exceptions to the rule; as where the right, or the facts supporting the right, are admitted (*Burnham* v. *Kempton*, 44 N. H. 78, 95); or where the right, though formally denied, is clear on the uncontroverted facts (*Wason* v. *Sanborn*, 45 N. H. 169, 171; *Hart* v. *Leonard*, 42 N. J. Eq. 417; *White* v. *Company*, 50 N. J. Eq. 1, 7; *Espenscheid* v. *Bauer*, 235 Ill. 172; *Manbeck* v. *Jones*, 190 Pa. St. 171; Jones, Easements, s. 883; 5 Pomeroy, Eq. Juris., s. 1963; 1 Ames Cases, Eq. Juris., 552); or where the plaintiff has been long in the quiet and uninterrupted enjoyment of a right, in which case the defendant may be restrained

from interfering therewith until he proves his right at law (*Burnham* v. *Kempton, supra*); or where the injury is irreparable, not susceptible of being adequately compensated by damages, or such as, from its continuance or mischief, must occasion a constantly recurring grievance, which cannot be prevented otherwise than by injunction. *Webber* v. *Gage*, 39 N. H. 182, 186; *Bassett* v. *Company*, 47 N. H. 426, 437; *Perkins* v. *Foye*, 60 N. H. 496. The present case falls within these exceptions.

The principal and, so far as the record discloses, the only controversy at the trial was over the plaintiff's claim that the *locus in quo* was wholly within the limits of the public highway, an issue which became immaterial upon the finding of prescriptive title in the plaintiff. That the plaintiff and his predecessors in title had used the way under conditions which warranted the finding of prescriptive title does not appear to have been controverted in evidence. For a period of more than twenty years, they had been in the quiet and uninterrupted enjoyment of the right for the protection of which the injunction is sought. It had always been their practice to pass across the corner of the land in question until the defendant acquired title thereto and obstructed the way. Whenever there had been a fence or other obstruction to prevent teams from following this course it had been removed by the owners of the way, or at their request. The plaintiff was, on the facts found, entitled to the continued peaceful use of the way, which was indispensable to the enjoyment of a portion of his close. That his title was acquired by prescription, rather than grant, is immaterial. *Webber* v. *Gage, supra*, 185. While the record discloses no allegations of threats of further interference, the fact that the defendant, immediately upon acquiring title in 1923, had so obstructed the way that its use was still, at the date of the hearing in July, 1926, entirely precluded, was some evidence of an intention to persist in such interruption. It cannot be said that this intention was not confirmed by the defendant's attitude at the hearing, and that the court was not justified in concluding that a restraining order was necessary to prevent a continuing wrong, or a constantly recurring grievance, and to afford the plaintiff the complete redress to which he was entitled.

When "substantial and serious" damage is mentioned as a prerequisite to the application of equity's extraordinary remedies, these descriptive words are used in a relative sense, and it is not intended to limit such relief to matters of large magnitude. In this respect, the granting or withholding of these remedies, where otherwise

appropriate, is to be governed by the exercise of a sound discretion under the circumstances of each case, upon a balancing of the inconveniences likely to result to the respective parties. *Wason* v. *Sanborn*, 45 N. H. 169, 172; *Eastman* v. *Company*, 47 N. H. 71, 79; *Bassett* v. *Company*, 47 N. H. 426, 437, 438, 441; *Spaulding* v. *Mayo*, 81 N. H. 85, 87. The deprivation of the use of a substantial portion of the plaintiff's seven acres of meadow land may not have been deemed inconsiderable when compared with the trifling, if not negligible, injury which would be occasioned to the defendant by the seasonal passing across a small corner of his land, already substantially encumbered by a public easement.

These facts not only support a finding that the plaintiff's remedy at law is inadequate, but present a case for equitable relief. It could be found therefrom that granting an enjoining order was a reasonable exercise of the court's discretion. *Spaulding* v. *Mayo, supra,* 87. The question of the extent of the order is not presented, and has not been considered.

So far as the defendant's exception to the decree is predicated upon the insufficiency of the supporting findings, this exception raises no question of law not covered by his exception to the denial of his motion to dismiss. *Bennett* v. *Larose,* 82 N. H. 443. So far as it is addressed to the weight of such findings, the defendant's exception to the decree raises no question of law, since there is no finding tending to show a want of title in the plaintiff, or the adequacy of his remedy. *Ib.*

*Decree affirmed.*

All concurred.

ON REHEARING. After the filing of the foregoing opinion the defendant moved for a rehearing upon several grounds. Further arguments were invited, and briefs were filed. The issues raised, so far as deemed of importance, sufficiently appear below.

*Robert W. Upton,* for the motion.

*Alfred W. Levensaler,* opposed.

SNOW, J. 1. The defendant complains that an exception taken by him to the admission of evidence has not been considered. The bill was for an injunction to enjoin interference with an alleged right of way. In addition to proof of prescriptive title to the way, the plaintiff

offered evidence tending to show that the point at which the way was obstructed was within the limits of a highway. The defendant's exception was to the admission of testimony as to the location of the boundary line of the highway, and tending to show that the point of obstruction was within it.

Title to the easement gave the plaintiff all the rights of an owner to enjoy the way free from obstruction, and entitled him to an owner's remedy to protect his easement. Having established his ownership by prescription, neither his right to an unobstructed passage, nor his right, if any, to have the obstruction enjoined, could be affected by the determination of the question whether or not he also had an additional right as a member of the traveling public to cross the *locus*. In other words, upon proof of his title, the latter issue became immaterial to the result. The immateriality of the issue having been pointed out in the opinion, it was not deemed necessary to specifically deal with this exception. There was no claim that the evidence in question was prejudicial, and there can be no valid claim that it could have influenced the court in its finding on the other issues. As the objection was to the admission of unprejudicial evidence upon an issue which the findings of the court and the course of the trial rendered immaterial to the result, the defendant took nothing by his exception. *Perley* v. *Marshall*, 57 N. H. 206, 207; *Smith* v. *Morrill*, 71 N. H. 409, 410 and cases cited; *Small* v. *Saunders*, 81 N. H. 520, 521 and cases cited.

2. Defendant argues that the trial court made merely a ruling and not a finding when stating its conclusion that the plaintiff had acquired prescriptive title. The contention is in the teeth of the language of the court and without merit. The language of the court is: "The court finds that for a period of more than twenty years prior to the fourth day of May, 1923, when the defendant acquired his title, the plaintiff and his predecessors in title have used the right of way for the purpose of going to and from his and their land on the side of the swamp or marsh next to the Concord road, when they had occasion to do so; that such use has been of such a continuous, notorious, open, and adverse character, enjoyed without objection on the part of the defendant's predecessors in title, that the plaintiff has thereby acquired a right by prescription to use the right of way in the manner and for the purposes heretofore described."

3. The defendant contends that the essential fact of the inadequacy of the plaintiff's remedy could not be inferred from the general finding in his favor. The case is silent as to whether the findings were

made upon the motion of one of the parties under P. L., c. 316, s. 12, which requires the justice upon request to report the facts. The opinion was written upon the assumption, therein expressed, that the court had found and reported only certain of the material findings, and that the case did not purport to state all the facts found; and it was accordingly held, on the authority of *Spaulding* v. *Mayo*, 81 N. H. 85, 86, that the general verdict or finding for the plaintiff, in the absence of inconsistent findings, implied a finding of all the special facts necessary to sustain it. Our attention, however, is called to the language of the decree following a recital of the finding of the plaintiff's prescriptive title, viz., "It is *therefore* ordered and decreed" etc. Upon reflection we are of the opinion that the trial court thus purports to base its decree solely upon the facts reported; and that, therefore, the general finding for the plaintiff does not carry by implication the necessary supporting finding that the plaintiff had no adequate remedy at law. It follows that, on the record as it stands, the injunction should not have been granted.

In view of the general conclusion of the court, however, justice would seem to require that opportunity be accorded the plaintiff to have any doubt as to the record upon this point cleared up. The court found that the defendant had obstructed a way in which the plaintiff had acquired prescriptive title. As indicated in the opinion, it could also be inferred from the reported facts that the deprivation of the way was a substantial and serious damage to the plaintiff, that the defendant intended to persist in his interruption of the way, and that these found and findable facts would support the further finding that the plaintiff's remedy at law was inadequate. Whether or not the latter inference should be drawn either from these subsidiary findings, or from the unreported evidence, is a question of fact for the trial justice. Leave is, therefore, given the plaintiff to apply for a finding upon the question of the adequacy, or inadequacy, of his remedy at law. In the absence of a finding that such remedy is inadequate the plaintiff's bill should be dismissed. On the other hand, if the court upon a reconsideration of his findings or of the evidence finds that the plaintiff's remedy at law is inadequate, an injunction will lie.

*Plaintiff's bill dismissed, nisi.*

All concurred.